George C. Lazar
Nev. Bar No. 6030
525 "B" Street, Suite 1500
San Diego, California 92101
Tel:    877.272.3734
Fax:    877.227.0150
Email: glazar@foxjohns.com

Attorney for United Central Bank
a Texas state bank

Counsel Designated for Service of
Papers Per LR 10-1(b)

Larry C. Johns
LAW OFFICE OF LARRY C. JOHNS
3017 W. Charleston Blvd., Suite 30
Las Vegas Nevada 89102

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

NORTHERN DIVISION

| | |
|---|---|
| In Re:<br><br>DHILLON GROUP, LLC<br>dba Holiday Inn Express<br>2902 Michelle Dr.<br>Sherman, TX 75092<br><br>Debtor | CASE NO. 3:11-bk-53706-btb<br>Chapter 11<br><br>MOTION OF UNITED CENTRAL BANK FOR DISMISSAL FOR IMPROPER VENUE OR, ALTERNATIVELY, FOR CHANGE OF VENUE<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   Application for OST Filed<br>Time: |

## MOTION

COMES NOW United Central Bank, a secured creditor of the debtor in this action, and moves, pursuant to Section 1408 of Title 28 of the U.S. Code and Bankruptcy Rule 1014, Federal Rules of Bankruptcy Procedure as follows:

A.    For an Order dismissing this proceeding on the ground that this proceeding has been filed in an improper district in that the debtor is a Texas limited liability company with its principal,

1    if not sole asset being a motel and related personal property located in Sherman, Texas and its

2    principal place of business being Sherman, Texas; or,

3         B.      For an Order transferring this proceeding to the Eastern District of Texas, on the

4    ground that venue in this District is not proper in that the location of the principal asset of the

5    debtor, the principal place of business of the debtor, and the address of the debtor as shown in the

6    records of the State of Texas is in the Eastern District of Texas.

7         This motion is made on the basis that the principal place of business and the location of the

8    principal assets of the debtor are not in the State of Nevada, but are in Texas. In addition, the debtor

9    is organized under the laws of the State of Texas and not of the State of Nevada.

10        This motion is based upon this motion, the application for order shortening time filed

11   concurrently herewith, any notice of hearing or order shortening time, the within memorandum of

12   points and authorities, accompanying Declaration of Alvin Pedescleaux, the accompanying Request

13   for Judicial Notice, the records, files and pleadings in this action, and such oral and documentary

14   evidence as is presented on the hearing of this motion.

15

16   DATED: December 14, 2011                      /s/ George C. Lazar
                                                  George C. Lazar, Attorney for United Central Bank
17                                                NV Bar No. 6030
                                                  525 B Street, Suite 1500
18                                                San Diego, California 92101
                                                  Tel:   877-272-3734
19                                                Fax:   877-227-0150

MEMORANDUM OF POINTS AND AUTHORITIES

Section 1408 of the Bankruptcy Code[1] specifies that venue is proper where the principal place of business or the principal assets of an entity are located. As is disclosed in the schedules file in this matter, the debtor's principal assets are in the State of Texas, as is its principal place of business. Venue in the State of Nevada is improper.

A.  Basis for Motion

Bankruptcy Rule 1014 provides that if a bankruptcy petition is filed in the wrong district, upon motion by a party in interest or on the Court's own motion, and after a hearing, the proceeding can be dismissed or transferred. By this motion, United Central Bank seeks dismissal of this proceeding.

United Central Bank is clearly a "party in interest" and thus entitled to bring this motion. As the debtor concedes in its schedules, United Central Bank is a creditor holding secured claims which encumber both the real and personal property of the debtor. (See Schedule D, Doc No. 1, pg. 15 of 55.)

B.  The Debtor's Location for Venue Purposes Is Not in Nevada.

In its petition, the debtor has stated that venue is proper in this District based upon the claim that "Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180days immediately preceding the date of this petition or for a longer part

---

[1] Section 1408 of the Bankruptcy Code provides as follows:
Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district:
(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

of such 180 days than in any other District." (Petition, Doc No. 1, p. 2 of 55.) There is no basis for this claim.

Clearly, the debtor does not satisfy the domicile, residence, or location of assets prongs of Section 1408 (quoted *supra* at n. 1). For purposes of determining domicile of an entity, the applicable consideration is where the entity is formed. *In re B.L. of Miami, Inc.*, 294 B.R. 325, 328 (Bankr Nevada 2003). Here, the debtor was formed in the State of Texas and is a Texas entity. (See Declaration of Alvin Pedescleaus, Exh. D; Request for Judicial Notice, Exh. A.) It is not domiciled nor does it reside in Nevada.

The only prong of the Section 1408 test which might remotely be pointed to as providing a basis for venue is the "principal place of business" test. As was noted in *In re Lakota Canyon Ranch Development, LLC*, 2011 WL 5909630 (Bankr E.D. North Carolina 2011), the recent Supreme Court case of *Hertz Corp. v. Friend*, _____ U.S. ____, 130 S.Ct. 1181, 1192 (2010) provides the applicable test for determining the principal place of business. Under *Hertz*, the principal place of business is that location where the "corporation's officers direct, control and coordinate the corporation's activities."

In this instance, the evidence establishes that the debtor's activities are controlled in the State of Texas. The petition in this matter was signed by Jagmohan Dhillon as the managing member of the debtor. Mr. Dhillon's address, as set forth in the Statement of Affairs which he executed under penalty of perjury, is in Sherman, Texas. (Doc No. 1, p. 42 of 55.) The books and records are located in Frisco, Texas, as are the debtor's accountants. (Doc No. 1, p. 41 of 55.) United Central Bank has dealt with Mr. Dhillon in the State of Texas. (Declaration of Alvin Pedescleaux, ¶7, p. 3.)

There is no evidence to suggest that the business has any relationship to the State of Nevada. There are no parties listed on the mailing matrix with a Nevada address, other than counsel for the debtor and the debtor's mailing address. (Doc No. 1, pp. 47 of 55 and following.) The debtor's address is in Elko and should be familiar to the Court, since is the location of a motel property where this Court recently confirmed a Chapter 11 plan. See *In re Elko Gold Mine*, Docket No. 11-50084-btb. As was set forth in the Second Amended Disclosure Statement filed in the *Elko Gold Mine* case

1   (Doc. No. 130, p. 7 of 27), the property at 1930 Idaho Street, Elko is owned by Elko Gold Mine,

2   LLC. There are no facts which suggest that Elko Gold Mine, LLC has any relationship to the debtor

3   in this proceeding, other than the fact that the debtor in this proceeding is apparently using the Idaho

4   Street address as a mail drop. (Of course, the debtor's filings with the State of Texas do not use the

5   Idaho Street address. See Request for Judicial Note, Exh. A.)

7   C.     Dismissal is Appropriate.

8       As the foregoing establishes, the debtor has filed this proceeding in the District of Nevada

9   without any basis for doing so. Its only contact with the State of Nevada is the fact that it claims a

10   mailing address in Elko, Nevada, which is occupied by another motel. Although United Central

11   Bank recognizes that there is a presumption that the debtor's choice of forum is proper (e.g.,. *In re*

12   *Mid Atlantic Retail Group, Inc.*, 2008 WL 612287 at *2 (Bankr.M.D.N.C.2008) (citing *In re*

13   *Farmer*, 288 B.R. 31 (Bankr.N.D.N.Y.2002)), it submits that there is no factual basis upon which

14   the debtor can properly claim venue in the State of Nevada.

15       As the Declaration of Alvin Pedescleaux establishes, this proceeding was filed with a

16   pending notice of foreclosure, with a foreclosure sale set for early January, 2012. In this

17   circumstance, the proper remedy for the improper filing is dismissal. If the debtor determines that

18   it can properly file in the proper venue, it should have to do so. This Court should not facilitate

19   improper filings by allowing for a transfer.

## CONCLUSION

For the apparent reason of delaying a foreclosure sale, the debtor has filed this proceeding in a District with which it has no relationship.  Its assets are in Texas, its management is in Texas, and its vendors and professionals are principally in Texas.  As a result, this proceeding should be dismissed because of the failure to file in the appropriate venue.

DATED: December 14, 2011          /s/ George C. Lazar  
George C. Lazar, Attorney for United Central Bank  
NV Bar No. 6030  
525 B Street, Suite 1500  
San Diego, California 92101  
Tel:   877-272-3734  
Fax:   877-227-0150