A.J. Kung
Nevada Bar No. 7052
Brandy Brown
Nevada Bar No. 9987
KUNG & BROWN
214 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 382-0883
(702) 382-2720 Fax
ajkung@ajkunglaw.com
bbrown@ajkunglaw.com
*[Proposed Reorganization Counsel for Dhillon Group, LLC.]*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No.: 11-53706 |
|---|---|
| DHILLON GROUP LLC d/b/a HOLIDAY INN EXPRESS., Debtor. | Chapter 11 **OPPOSITION TO UNITED CENTRAL BANK'S MOTION FOR DISMISSAL FOR IMPROPER VENUE OR ALTERNATIVELY FOR CHANGE OF VENUE** Date: January 3, 2011 Time: 2:00 p.m. |

The above-captioned debtor and debtor in possession (collectively, the "Debtor") respectfully submit its Opposition to United Central Bank's Motion for Dismissal for Improper Venue on Alternatively for Change of Venue.

. . .

. . .

. . .

. . .

. . .

1

This Opposition is made and based upon following Memorandum of Points and Authorities, the Declaration of Jagmohan Dhillon, the record in these cases, including the pleadings and documents filed on behalf of the parties, the arguments and representations of counsel, and any oral or documentary evidence at or prior to the time of the hearing.

Dated this 20th day of December 2011.

KUNG AND BROWN

By:   /s/ Brandy Brown
    A.J. Kung
    Nevada Bar No. 7052
    Brandy Brown
    Nevada Bar No. 9987
    KUNG & BROWN
    214 S. Maryland Parkway
    Las Vegas, Nevada 89101
    (702) 382-0883
    (702) 382-2720 Fax
    ajkung@ajkunglaw.com
    bbrown@ajkunglaw.com
    *[Proposed Reorganization Counsel for Dhillon Group, LLC.]*

I.

**INTRODUCTION**

This Honorable Court is very familiar with Jagmohan Dhillon as he is the managing member of Elko Gold Mine that has successfully reorganized in Nevada and Dhillon Properties that is in the final stages of a successful reorganization in Nevada. Dhillon Group, LLC, unlike Elko Gold Mine and Dhillon Properties is not a Nevada corporation. However, like the other two hotels the nerve center of Dhillon Group, LLC is in Elko, Nevada and therefore venue is proper in Nevada. Dhillon Group, LLC ("the Company"), had a major flood on or about February of 2011. This resulted in the Company closing its doors and laying off all of its employees. Accordingly, the Company no longer has any employees in Texas. The flood resulted in the nerve center of the Company and the

managing member Jagmohan Dhillon being relocated to Elko, Nevada. With the hotel in ruins, the insurance company failing to remit payment, and the bank refusing to work with the Company, the Company and the managing member (who already had two active bankruptcies in Nevada) had to retreat to a place where it could start fixing the problems. Accordingly, as a child runs to his mother when things are bad the Company ran to Elko, Nevada. Since the nerve center of the Company has been Elko, Nevada since approximately May 2011 more than 180 days venue is proper in Nevada and Debtor respectfully requests that Secured Creditor's Motion be denied forthwith.

## II.

### STATEMENT OF RELEVANT FACTS

The Debtor, Dhillon Group, LLC, a Texas Limited Liability Company, purchased the property located at 2909 Michelle Dr., Sherman Texas, in August of 2007, for use in connection with its Holiday Inn Express Franchise Agreement. Thereafter, in May of 2008, Debtor refinanced the Property for $6,497,000.00 through United Central Bank. Pursuant to the terms of the loan, Debtor was to remit $50,371.00 per month for three years with a final balloon payment due on May 20, 2011. Debtor, though struggling due to the economic downturn, was able to make its payments to Secured Creditor until March 2011. Unfortunately, on or about February 4, 2011, the hotel was flooded by its sprinkler system. The hotel could not be utilized because of the damage. The insurance company refused to remit payment for months which resulted in the Company having to lay off its, closing its doors, and forcing it to move its principle place of business to Elko, Nevada. The Company chose Elko, Nevada because its managing member has two major opened executive offices and hotel and the support system that he had to turn those two hotels around in Nevada. *See* Affidavit of Jagmohan Dhillon.

### III.

### MEMORANDUM OF POINTS AND AUTHORITIES

**VENUE IS PROPER UNDER SECTION 1408 OF THE BANKRUPTCY CODE**

Section 1408 of the Bankruptcy Code provides:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

**A. THE COMPANY'S PRICIPAL PLACE OF BUSINESS IS I NEVADA**

The Supreme Court has held that, "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). Hertz v Corp v. Friend, 130 U.Ct. 1181 (2010). Here, the Company's managing member is located in Elko, Nevada. The Company's activities are coordinated out of Elko, Nevada. The Company's books are located in Elko, Nevada. The GM who turned around the Holiday Inn in Elko, Nevada around is in Elko, Nevada. If forced to proceed in Texas, Debtor will be attempting to restructure out of a moldy, wet, dark, vacant, hotel with no employees in Texas. Though Texas is where the Company's hotel is located it is not where

it can function and it is not where is can successfully reorganize. Furthermore, the other owners, Harminder Dhillon is in India and Dr. Joginder Soni is in California. Nevada is located between California and Texas. Accordingly, Debtor respectfully requests that is be able to maintain venue in Nevada and successfully reorganize.

## B. SECURED CREDITOR FAILS TO MEET ITS BURDEN.

There is a presumption that Debtor's choice of forum is proper. In re Mid Atlantic Retail group Inc., 2008 WL 612287. Furthermore, to change venue Secured Creditor must demonstrate by the preponderance of the evidence that venue is not Proper. Id. The only items Plaintiff has produced is 1) the Texas franchise agreement that states Jagmohan Dhillon and Harminder Dhillon are residing in the hotel (a hotel that has no power, is flooded, and vacant) and Joginder Soni as living in California; 2) Regulation of Dhillon Group LLC from 2007 that states on page 1 that the principal office of the company in the State of Texas shall be located at 2909 Michelle Drive, City of Sherman, County of Grayson, State of Texas 75092. The Company may have such other offices, either within or without the State of Texas, as the Members may designate or as the business of the Company may from time to time require and on page 7, "the books and records of the Company shall be kept at the principal office of the company or as such other places, within or without the State of Taxes, as the Member shall from time to tie determine." Accordingly, the regulations of the Company permitted the Company to move its principal place of business to Nevada. Furthermore, it demonstrates that the principle place of business was in Sherman, Texas, where is can no longer reside because it is flooded.; and 3) Elko Gold Mine's confirmed plan that demonstrates that Elko Gold Mine was functioning and it would make sense for Jagmohan Dhillon to set up the Company's principal place of business in Elko, Nevada. Accordingly, Debtor respectfully requests that Secured Creditor's Motion be denied forthwith.

5

## IV.

## CONCLUSION

Based on the foregoing Debtor submits that 1) Venue is Proper because the Company's principle place of business is in Nevada and 2) Secured Creditor has failed to meet its burden to move venue. Accordingly, Debtor respectfully requests that Secured Creditor's Motion be denied forthwith.

Dated this 20th day of December 2011.

KUNG AND BROWN

By: /s/ Brandy Brown
   A.J. Kung
   Nevada Bar No. 7052
   Brandy Brown
   Nevada Bar No. 9987
   KUNG & ASSOCIATES
   214 S. Maryland Parkway
   Las Vegas, Nevada 89101
   (702) 382-0883
   (702) 382-2720 Fax
   ajkung@ajkunglaw.com
   bbrown@ajkunglaw.com
      *[Proposed Reorganization Counsel for Dhillon Group, LLC.]*

AJ KUNG, ESQ.
Nevada Bar No. 7052
BRANDY BROWN, ESQ.
Nevada Bar No. 9987
KUNG & BROWN
214 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-0883
Facsimile: (702) 387-2720
Email: ajkung@ajkunglaw.com
         bbrown@ajkunglaw.com
*[Proposed] Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re:<br><br>DHILLON GROUP LLC<br>d/b/a HOLIDAY INN EXPRESS<br><br>Debtor. | Case No. 11-53706<br>Chapter 11<br><br>**DECLARATION OF JAGMOHAN DHILLON IN SUPPORT OF DEBTOR'S OPPOSITION TO SECURED CREDITOR'S MOTION FOR DISMISSAL FOR IMPROPER VENUE.**<br><br>Hearing Date:   January 3, 2012<br>Hearing Time:   2:00 pm |
|---|---|

I, Jagmohan Dhillon, hereby declare as follows:

1. I am over the age of 18, mentally competent, have personal knowledge of the facts in this matter, except where noted upon information and belief, and if called upon to testify, could and would testify.

2. I am a managing member of Dhillon Group, LLC, a Texas Limited Liability Company. I am the member in charge of overseeing and managing the Debtor's operations.

3. I make this declaration in support of Debtor's Opposition to Secured Creditor's Motion for Dismissal for Improper Venue.

4. I am the managing member of Elko Gold Mine, that has successfully reorganized in Nevada and Dhillon Properties that is in the final stages of a successful reorganization in Nevada.

1

5. Dhillon Group, LLC, unlike Elko Gold Mine and Dhillon Properties is not a Nevada corporation. However, like the other two hotels the nerve center of Dhillon Group, LLC is in Elko, Nevada and therefore venue is proper in Nevada.

6. Dhillon Group, LLC ("the Company"), had a major flood on or about February of 2011 This resulted in the Company closing its doors and laying off all of its employees. Accordingly, the Company no longer had a work force in Texas.

7. The flood resulted in the nerve center of the Company and the managing member Jagmohan Dhillon being relocated to Elko, Nevada. With the hotel in ruins, the insurance company failing to remit payment, and the bank refusing to work with the Company, the Company and I had to retreat to a place where I could start fixing the problems.

8. Since the nerve center of the Company has been Elko, Nevada since approximately May 2011 more than 180 days venue is proper in Nevada and Debtor respectfully requests that Secured Creditor's Motion be denied forthwith.

9. Dhillon Group, LLC, a Texas Limited Liability Company, purchased the property located at 2909 Michelle Dr., Sherman Texas, in August of 2007, for use in connection with its Holiday Inn Express Franchise Agreement.

10. Thereafter, in May of 2008, Debtor refinanced the Property for $6,497,000.00 through United Central Bank. Pursuant to the terms of the loan, Debtor was to remit $50,371.00 per month for three years with a final balloon payment due on May 20, 2011. Debtor, though struggling due to the economic downturn, was able to make its payments to Secured Creditor until March 2011. Unfortunately, on or about February 4, 2011, the hotel was flooded by its sprinkler system. The hotel could not be utilized because of the damage.

11. The insurance company refused to remit payment for months which resulted in the Company having to lay off its employees, closing its doors, and forcing it to move its principle place

of business to Elko, Nevada. The Company chose Elko, Nevada because I already had operations in Nevada (Elko Gold Mine and Dhillon Properties) and the support system that I had to turn those two hotels around was in Nevada.

12. I am located in Elko, Nevada.

13. The Company's activities are coordinated out of Elko, Nevada.

14. The Company's books are located in Elko, Nevada.

15. The GM who turned around the Best Western and Holiday Inn in Elko, Nevada around is in Elko, Nevada.

16. If forced to proceed in Texas, the Company will be attempting to restructure out of a moldy, wet, dark, vacant, hotel with no employees in Texas.

17. Though Texas is where the Company's hotel is located it is not where it can function and it is not where is can successfully reorganize.

18. Furthermore, the other owners, Harminder Dhillon is in India and Dr. Joginder Soni is in California. Nevada is located between California and Texas.

19. Accordingly, Debtor respectfully requests that is be able to maintain venue in Nevada and successfully reorganize.

20. A true and correct copy of the Regulations of Dhillon Group LLC from 2007 are attached hereto as Exhibit "1". The regulations allow Debtor's books to be maintained in Nevada and to have its principle place of business in Nevada.

21. Accordingly, the Company respectfully requests that Secured Creditor's Motion be denied forthwith and that the Company be permitted to restructure in the state of Nevada.

3

1  I declare under penalty of perjury of the United States of America that the foregoing is true
2  and correct.

Dated this 20th day of December 2011.

*[signature]*

Jahmohan Dhillon