| | |
|---|---|
| 1  George C. Lazar | Electronically Filed 12/26/11 |
| Nev. Bar No. 6030 | |
| 2  525 "B" Street, Suite 1500 | |
| San Diego, California 92101 | |
| 3  Tel:    877.272.3734 | |
| Fax:   877.227.0150 | |
| 4  Email: glazar@foxjohns.com | |

Attorney for United Central Bank
a Texas state bank

Counsel Designated for Service of
Papers Per LR 10-1(b)

Larry C. Johns
LAW OFFICE OF LARRY C. JOHNS
3017 W. Charleston Blvd., Suite 30
Las Vegas Nevada 89102

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

NORTHERN DIVISION

| | |
|---|---|
| In Re: | CASE NO. 3:11-bk-53706-btb |
| | Chapter 11 |
| DHILLON GROUP, LLC | |
| dba Holiday Inn Express | OPPOSITION OF UNITED CENTRAL |
| 2902 Michelle Dr. | BANK TO DEBTOR'S APPLICATIONS |
| Sherman, TX 75092 | |
| | (1)   TO EMPLOY THE BECKHAM |
| Debtor | GROUP (Doc 20) |
| | (2)   TO EMPLOY PATRICK GLENN (Doc 21) |
| | (3)   TO EMPLOY ANDY FUXA (Doc 22) |
| | (4)   TO EMPLOY ADJUSTER LUIS ESTEVES (Doc 23) |
| | Date:  January 3, 2012 |
| | Time:  2:00 p.m. |

- 1 -

INTRODUCTION[1]

The debtor has filed a number of applications for employment of professionals. Because the proposed cash collateral budget does not indicate payment of any professional fees from cash collateral, United Central Bank ("UCB"), the debtor's principal secured creditor (see Opposition of United Central Bank to Debtor's Application for Interim and Final Orders for Use of Cash Collateral filed concurrently herewith), trusts that no payment of professional fees will be from cash collateral (if there is, in fact, cash collateral).

In spite of this limitation, UCB has significant concerns about the applications made on behalf of all applications, other than debtor's proposed counsel. As set forth below, the applications for the right to employ all professionals, other than debtor's proposed counsel, should be denied based upon the record before the Court.

A.    The Application of The Beckham Group.

The debtor proposes to retain The Beckham Group to pursue a possible bad faith claim against Security National Insurance.

In support of the application, the debtor attaches a fee agreement previously executed. That agreement note (p. 2, line 58) notes that The Beckham Group previously was retained by Dr. Soni, who is apparently another member of the debtor. The application does not disclose the fact that The Beckham Group was involved in litigation involving disputes between the members of the debtor. (See Request for Judicial Notice filed concurrently herewith, Exhibit A.)

At a minimum, before considering the application of The Beckham Group, the applicant should provide an explanation as to the nature of the previous dispute and why its representation is not possibly adverse to the debtor. In addition, the applicant should provide an explanation of who it takes direction from and that there are no possible conflicts. The submitted declaration of The Beckham Group, signed by Mr. Portela, does not appear to provide all the information required by

---

[1]    By the filing of this opposition, United Central Bank does not waive its previously-asserted contention that venue is not proper before this Court and that the proceeding must be dismissed or transferred. See Doc 8.

Bankruptcy Rule 2014(a).

B. <u>The Application of Mr. Glen</u>

Bankruptcy Rule 2014(a) provides that a professional to be employed must submit a verified statement setting forth the connections with the debtor or any party in interest. The application to employ does not contain such a verified statement.

In addition, the Court has nothing substantive before it to ascertain the qualifications of the proposed professional. Nor does it have before it the terms and conditions on which the proposed professional is to render services. Only the proposed monetary payment is disclosed.

At a minimum, the proposed professional must satisfy Rule 2014(a) and provide the Court with evidence of his qualifications to serve and the terms on which he proposes to render services to the estate.

C. <u>The Application of Mr. Fuxa</u>

Bankruptcy Rule 2014(a) provides that a professional to be employed must submit a verified statement setting forth the connections with the debtor or any party in interest. The application to employ does not contain such a verified statement.

In addition, the Court has nothing substantive before it to ascertain the qualifications of the proposed professional. Nor does it have before it the terms and conditions on which the proposed professional is to render services. Only the proposed monetary payment is disclosed.

In fact, the proposed payment raises serious issues. The services to be performed are an appraisal of the debtor's personal property, together with any declarations and necessary testimony. A flat fee of $15,000 is proposed. There is nothing to suggest why the Court can find this significant fee to be reasonable.

At a minimum, the proposed professional must satisfy Rule 2014(a) and provide the Court with evidence of his qualifications to serve and the terms on which he proposes to render services to the estate. In addition, there must be something to justify the proposed fee.

D.    The Application of Mr. Esteves

Bankruptcy Rule 2014(a) provides that a professional to be employed must submit a verified statement setting forth the connections with the debtor or any party in interest. The application to employ does not contain such a verified statement.

In addition, the Court has nothing substantive before it to ascertain the qualifications of the proposed professional. Nor does it have before it the terms and conditions on which the proposed professional is to render services. Only the proposed monetary payment is disclosed.

Further, The proposed professional was employed pre-petition to do adjustment and participated in discussions with United Central Bank regarding the insurance proceeds paid by a joint check (as discussed in the papers filed with regard to the cash collateral motion). As noted in other papers filed in this action, UCB is concerned that insurance proceeds may have been diverted. It is entitled to know that this proposed professional was not involved in any actions contrary to the security interest of UCB in the insurance proceeds.

At a minimum, the proposed professional must satisfy Rule 2014(a) and provide the Court with evidence of his qualifications to serve and the terms on which he proposes to render services to the estate. In addition, the proposed professional should be required to provide evidence to the Court that he was not involved in any activities which adversely affected UCB's security interests.

DATED: December 26, 2011              /s/ George C. Lazar
                                      George C. Lazar, Attorney for United Central Bank
                                      NV Bar No. 6030
                                      525 B Street, Suite 1500
                                      San Diego, California 92101
                                      Tel:   877-272-3734
                                      Fax:   877-227-0150

CERTIFICATE OF SERVICE

On December 26, 2011, a true and correct copy of the attached document was served as follows:

By the Court's ECF System (Local Rule 5005(c)):

A.J. KUNG on behalf of Debtor DHILLON GROUP, LLC
ajkung@ajkunglaw.com,  bbrown@ajkunglaw.com; paralegal7@ajkunglaw.com; paralegal4@ajkunglaw.com; paralegal5@ajkunglaw.com; paralegal3@ajkunglaw.com; fileclerk@ajkunglaw.com; paralegal1@ajkunglaw.com

U.S. TRUSTEE - RN - 11   USTPRegion17.RE.ECF@usdoj.gov
(A courtesy copy was directly email to Bill Cossit at: Bill.Cossitt@usdoj.gov

By U.S. Mail:

A copy of the attached document was placed in addressed envelope(s) and the envelope(s) containing the document  were placed into the U.S. Postal Service mail on December 26, 2011 at San Diego, California; copies were mailed to:

None

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


DATED: December 26, 2011            /s/ George C. Lazar
                                    George C. Lazar