NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar # CA 117234
WILLIAM B. COSSITT, #3484
OFFICE OF THE UNITED STATES TRUSTEE
300 Booth Street, Room 3009
Reno NV 89509
USTPRegion17.RE.ECF@usdoj.gov
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorney for Acting United States Trustee
August B. Landis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:                                      ) Case no: BK-N-11-53706
                                            ) Chapter11
DHILLON GROUP LLC, dba                      )
HOLIDAY INN EXPRESS,                        ) US TRUSTEE'S OBJECTION TO
                                            ) APPLICATION TO EMPLOY ATTORNEY
                                            )
                                            ) Hearing Date: January 3, 2012
         Debtor                             ) Hearing Time: 2:00 p.m.
                                            ) Est. Time Req.: 30 mins.

The Acting United States Trustee ("US Trustee"), respectfully submits his objection to the Application To Employ Attorney For Debtor: Kung & Brown (the "Application").

The Application cannot be approved because the Applicant concurrently represents Dhillon Group, LLC, in case no. 09-54640-GWZ, which is owed $24,200 by this Debtor. Such dual representation violates 11 U.S.C. § 327, the prohibition against representing conflicting interests Nevada Rule of Professional Conduct ("NRPC") 1.7, and the requirement of a professional's fiduciary duty of undivided loyalty to his client.

This Objection is made pursuant to Section 327 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure ("FRBP") 2014, and NRPC 1.7. This Objection is also based upon the following points and authorities, the pleadings and papers on file herein and in Case No. 09-54640-GWZ, for which the US Trustee requests judicial notice be taken.

**POINTS AND AUTHORITIES**

The US Trustee, pursuant to the provisions of 28 U.S.C. § 586(a)(3)(I), has the duty to monitor applications filed under Section 327 of title 11 and, when deemed appropriate, to file with the Court comments and objections with respect to the approval of such applications.

1   Section 327(a) authorizes the debtor to employ professionals who are: (i) disinterested
2   persons, and (ii) that do not hold or represent an interest materially adverse to the estate, any
3   class of creditors, or equity security holders.  In order to enforce compliance with these
4   prohibitions, FRBP 2014 requires employment applications and the accompanying verified
5   statement to state "to the best of the applicant's knowledge, all of the person's connections with
6   the debtor, creditors, any other party in interest, their respective attorneys and accountants, the
7   United States trustee or any person employed in the office of the United States trustee." FRBP
8   2014(a).

9   "Section 327(a) prescribes a two-pronged test for the employment of a professional
10  person–the 'adverse interest' test and the 'disinterestedness' test, both of which must be met
11  before a professional person is eligible to be employed." In re Kings River Resorts, Inc. 342
12  B.R. 76, 88 (Bankr. E.D. Cal. 2006).  If the professional sought to be employed does not satisfy
13  one prong of this standard, the Bankruptcy Code prohibits the Court from authorizing his or her
14  employment. In re Middleton Arms, Ltd. Partnership, 934 F.2d 723 (6th Cir. 1991).  The Court
15  may not approve the employment of a person who is not disinterested, even if such employment
16  would be in the best interests of the debtor. Id.  "The bankruptcy court does not have authority to
17  allow the employment of a professional in violation of § 327, and the employment is void *ab*
18  *initio*." In re Mehdipour, 202 B.R. 474, 478 (9th Cir. BAP 1996), affirmed without opinion, 139
19  F.3d 1303 (9th Cir. 1998), citing, In re EWC, Inc., 138 B.R. 276, 281 (Bankr. W.D. Okla. 1992).

20  A "disinterested person" is defined in 11 U.S.C. § 101(14):

21  The term "disinterested person" means a person that–

22  (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within 2 years before the date of the filing of the petition, a
23  director, officer, or employee of the debtor; and
    ( C) does not have an interest materially adverse to the interest of the estate or of
24  any class of creditors or equity security holders, by reason of any direct or indirect
    relationship to, connection with, or interest in, the debtor, or for any other reason.
25
    "Disinterestedness has been defined as possessing or asserting any economic interest that
26
    would tend to lessen the value of a bankruptcy estate or create an actual or potential dispute in
27
    which the estate is a rival claimant." In re Kings River Resorts, Inc. 342 B.R. at 87.  The purpose
28
    of the rule is to assure undivided loyalty to the debtor. Id. citing, First Interstate Bank of Nevada,

1  N.A. v. CIC investment Corporation (In re CIC investment Corp.), 192 B.R. 549, 553-554
2  (9thCir. BAP 1996). "[T]he bankruptcy court must determine whether any competing interest of
3  a court-appointed professional 'created either a meaningful incentive to act contrary to the best
4  interests of the estate and its sundry creditors–an incentive sufficient to place those parties at
5  *more than acceptable risk*–or the *reasonable perception of one*.'" In re Kings River Resorts, Inc.
6  342 B.R. at 84, citing, Rove v. Braunstein, 19 F.3d 54, 58 (1st Cir. 1994) citing, In re Martin, 817
7  F.2d 175, 180 (1st Cir. 1987)(Emphasis in original).

       The term "adverse interest" is not defined by the Code. However, by judicial definition, "to *hold* an adverse interest" [means:] (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such bias against the estate." In re Tevis, 347 B.R. 679, 688 (9th Cir. BAP 2006). See also, In re American Printers, 148 B.R. 862 (Bankr. N.D. Ill. 1992); Collier on Bankruptcy § 327.04[2][b], pg. 327-41 (L. King 15th ed. Rev. 2006). "The ultimate decision as to whether there is a disqualifying conflict or adverse interest lies within the discretion of the court." In re Mehdipour, 202 B.R. at 478.

> To *represent* an adverse interest means to serve as an attorney for an entity holding such an adverse interest. In re Star Broadcasting, 81 B.R. 835, 838 (Bankr. D.N.J. 1988); In re Roberts, 46 B.R. 815, 827 ((Bankr. D. Utah 1985), aff'd in relevant part, 75 B.R. 402 (D. Utah 1987). For the purposes of disinterestedness, a lawyer has an interest materially adverse to the interest of the estate if the lawyer either holds or represents such an interest. See, e.g., Electro-Wire Prods., Inc. V. Sirote & Permutt (In re Prince), 40 F.3d 356, 360-61 (11th Cir. 1994); Star Broadcasting, 81 B.R. at 838; Roberts, 46 B.R. at 827.

In re Tevis, 347 B.R. at 688.

       NRPC 1.7[1] states: "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." "A concurrent conflict of interest exists if: (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's

---

[1] The applicability of NRPC 1.7 is addressed in In re Rossana, 395 B.R. 697, 701 n.4 (Bankr. D. Nev. 2008).

- 3 -

responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." NRPC 1.7.

Subsection (b) of NRPC 1.7 regarding waiver is not applicable because Section 327 does not allow its limitations on employment to be excused by waiver or circumvented by agreement or consent. In re Amdura, 121 B.R. 862, 866 (Bankr. D. Colo. 1990).

### APPLICATION OF LEGAL AUTHORITIES TO FACTS

A professional should not put himself in the position of having to divide his loyalties. Representing more than one adverse party, such as a debtor and its creditors, presents an inherent conflict of interest because both clients rely upon the professional's advice and the client's respective interests are adverse to each other. A professional in a bankruptcy case should not put himself in a position where such influences and issues may arise.

Applicant currently represents Dhillon Properties, LLC, case no. 09-54640-GWZ, which is owed $24,200 by the Debtor. November 30, 2011, Balance Sheet, Docket #216, pg. 12. A true and correct copy is attached hereto for the convenience of the Court. Dhillon Properties LLC, is also a "debtor-in-possession." The debt between Dhillon Properties, LLC and the Debtor is a current conflict and adverse interests exist between the Debtor, Dhillon Properties LLC, Elko Gold Mine, LLC and Dhillon Management Company, LLC.

For example, in Dhillon Properties LLC, the debt of Dhillon Group, LLC is not scheduled as an account receivable. Docket #1, pg. 10. Applicant also did not disclose the account receivable from Dhillon Group, LLC in its description of assets in its disclosure statement. Dhillon Properties, LLC, Docket #160, pg. 9. The first disclosure statement for Dhillon Properties LLC has a secured debt owed to Elko Gold Mine, LLC, but not the amended disclosure statement.

Applicant has not disclosed in its FRBP 2014 declaration its connections with Dhillon Properties, LLC, Elko Gold Mine, LLC, and Dhillon Management Company, LLC, nor has it disclosed the debt between Dhillon Properties, LLC and the Debtor.

Applicant is required as general bankruptcy counsel to negotiate the terms of a repayment plan for each estate. Applicant cannot negotiate with itself.

Section 328(c) of the Bankruptcy Code states that:

> The Court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, <u>at any time during such professional person's employment</u> under section 327 or 1103 of this title, <u>such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.</u> (Emphasis added).

Applicant is, and has been since it accepted employment by both Debtors, not disinterested and representing materially adverse interests. <u>Concurrent</u> representation of adverse interests results in automatic disqualification under 11 U.S.C. § 327(a). <u>In re Tevis</u>, 347 B.R. at 691.

> Any professional who the court determines to hold or represent an interest adverse to the estate or who is not disinterested is not an officer of the estate during the time of conflict and must be denied compensation for services performed during the conflict pursuant to § 330. <u>EWC</u>, 138 B.R. at 281. However, the bankruptcy court has discretion to award or deny compensation for services performed outside of a conflict. <u>Id.</u> at 282.

<u>In re Mehdipour</u>, 202 B.R. at 478. <u>See also</u>, <u>In re Kings River Resorts, Inc.</u>, 342 B.R. 76, 87-89 (Bankr. E.D. Cal. 2006); <u>In re Tevis</u>, 347 B.R. 679 (9th Cir. BAP 2006).

Despite full knowledge of the conflicts and the requirements of Section 327 and FRBP 2014, Applicant accepted employment by the conflicting clients and has continued to represent them both post petition. Such open and willful disregard for the requirements of the Bankruptcy Code should not be tolerated by the Court.

## CONCLUSION

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court deny the Application To Employ Counsel and grant other relief as the Court deems proper.

DATED this 27th day of December, 2011.

Respectfully submitted,

Nicholas Strozza, State Bar # CA 117234
William B. Cossitt., State Bar #3484
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

/s/ **WILLIAM B. COSSITT**

Attorneys for Acting United States Trustee
August B. Landis

# CERTIFICATE OF SERVICE

1. On December 27, 2011 I served the foregoing US TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY ATTORNEY FOR DEBTORS.

2. I served the above-named document(s) by the following means to the persons as listed below:

   ☐ **a. ECF System** (attach Notice of Electronic Filing or list of persons & addresses):

   A.J. KUNG ajkung@ajkunglaw.com, bbrown@ajkunglaw.com;paralegal7@ajkunglaw.com;paralegal4@ajkunglaw.com;paralegal5@ajkunglaw.com;paralegal3@ajkunglaw.com;fileclerk@ajkunglaw.com;paralegal1@ajkunglaw.com

   GEORGE C LAZAR glazar@foxjohns.com, gclazar@sbcglobal.net

   U.S. TRUSTEE - RN - 11 USTPRegion17.RE.ECF@usdoj.gov

   ☐ **b. U.S. Mail, postage fully prepaid** (list persons and addresses):

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed: December 27, 2011

**/s/ Kristine Kinne**
KRISTINE KINNE

Exhibit "A"

12/20/11

# Dhillon Properties LLC dba Holiday Inn Express
## Balance Sheet
### As of November 30, 2011

|  | Nov 30, 11 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 100 · Cash | |
| 101 · Cash on Hand | 2,663.22 |
| 107 · DIP Account -Main - 8009 | 425,144.37 |
| 108 · DIP Account -Oper - 2817 | 1,055.89 |
| Total 100 · Cash | 428,863.48 |
| **Total Checking/Savings** | 428,863.48 |
| **Accounts Receivable** | |
| 120 · Accounts Receivable | |
| 121 · Guest Ledger | 328,909.39 |
| Total 120 · Accounts Receivable | 328,909.39 |
| 130 · Other Receivables | |
| 133 · Other Receivables | |
| DMC | 56,635.41 |
| Fort worth | 58,500.00 |
| Lake Charles | 855.46 |
| Sherman | 24,200.00 |
| Sweetwater | 9,606.66 |
| Total 133 · Other Receivables | 149,797.53 |
| Total 130 · Other Receivables | 149,797.53 |
| **Total Accounts Receivable** | 478,706.92 |
| **Total Current Assets** | 907,570.40 |
| **Other Assets** | |
| 170 · Property and Equipment | |
| 171 · Land | 1,001,343.00 |
| 172 · Building | 4,000,000.00 |
| 173 · Machinery & Equipment | 12,217.94 |
| 174 · Leasehold Improvements | 135,512.00 |
| 175 · Furniture & Fixtures | 434,248.43 |
| 179 · Accumulated Depreciation | -1,100,392.00 |
| Total 170 · Property and Equipment | 4,482,929.37 |
| 190 · Other Assets | |
| 192 · Loan origination cost | 178,000.00 |
| 194 · Pre-Opening Cost | 111,917.00 |
| 195 · Franchise Cost | 50,000.00 |
| 196 · Accumulated Amortization | -100,571.00 |
| Total 190 · Other Assets | 239,346.00 |
| **Total Other Assets** | 4,722,275.37 |
| **TOTAL ASSETS** | **5,629,845.77** |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| 200 · Accounts Payable | 41,588.95 |
| Total Accounts Payable | 41,588.95 |
| Other Current Liabilities | |
| 210 · Loan Payable | |
| 211 · Owners CC | 90.00 |
| 213 · Diners Club 2672 | 7,840.43 |
| Total 210 · Loan Payable | 7,930.43 |
| 215 · Other Payables | |

Page 1

12/20/11

## Dhillon Properties LLC dba Holiday Inn Express
## Balance Sheet
As of November 30, 2011

|  | Nov 30, 11 |
|---|---:|
| Other Payables- Duncan | 1,166.67 |
| Other Payables- Waxahachie | 1,416.66 |
| **Total 215 · Other Payables** | **2,583.33** |
| 240 · Other Taxes | |
| 242 · Taxes- Sales Tax | 344.26 |
| 244 · Taxes- Property Tax | 15,697.97 |
| 248 · Taxes- City Occupancy Tax | 151,294.00 |
| **Total 240 · Other Taxes** | **167,336.23** |
| 260 · Accruals | |
| 262 · Accrued Payroll | 2,074.70 |
| 263 · Accrued Franchise Fees | 19,978.82 |
| **Total 260 · Accruals** | **22,053.52** |
| **Total Other Current Liabilities** | **199,903.51** |
| **Total Current Liabilities** | **241,492.46** |
| Long Term Liabilities | |
| 281 · Notes Payable | 8,679,561.40 |
| **Total Long Term Liabilities** | **8,679,561.40** |
| **Total Liabilities** | **8,921,053.86** |
| Equity | |
| 293 · Contribution | |
| Advance Draw for Bawa | -346,439.32 |
| 293 · Contribution - Other | 34,942.83 |
| **Total 293 · Contribution** | **-311,496.49** |
| 294 · Distribution | -3,704,307.03 |
| 297 · Members Equity | 455,957.42 |
| Net Income | 268,638.01 |
| **Total Equity** | **-3,291,208.09** |
| **TOTAL LIABILITIES & EQUITY** | **5,629,845.77** |