IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILLON GROUP, LLC, | § | CASE NO. 12-40163-btr |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**UNITED CENTRAL BANK'S MOTION FOR RELIEF FROM STAY
AS TO REAL AND PERSONAL PROPERTY LOCATED AT 2909 MICHELLE DR.,
SHERMAN, TEXAS (HOLIDAY INN EXPRESS) AND WAIVER OF THIRTY-DAY
HEARING REQUIREMENT**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A
WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED
STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING
THIS MOTION WITHIN FOURTEEN (14) DAYS FROM THE DATE OF
SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR
FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND
FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE
COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN
OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT
WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE
HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT
RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Comes now UNITED CENTRAL BANK ("UCB" or "Movant"), a secured creditor in the

above-entitled and numbered cause, and hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for an

Order terminating the automatic stay, and in support thereof would respectfully show the Court as follows:

1.     Debtor's Chapter 11 case was commenced by DHILLON GROUP, LLC ("Debtor") on or

about December 5, 2011 ("Petition Date") in the District of Nevada, Northern Division, Case No.

BK-N-11-53706, to stay a pending foreclosure scheduled for December 6, 2011.  UCB filed a Motion for

Dismissal of Improper Venue or Alternatively, for Change of Venue (the "Motion").  The Nevada Court

granted the Motion and the case was transferred to this district by order dated January 26, 2012.

2.      The Bankruptcy Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G.).

## Factual Background

3.      On or about May 30, 2008, for value received, Debtor executed that certain Note in the original principal sum of Six Million Four Hundred Ninety-Seven Thousand Dollars ($6,497,000.00) bearing interest at the rate of seven percent (7.0%) ("Note").   A true and correct copy of the Note is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes.

4.      Repayment of the Note is secured by a duly recorded Deed of Trust (With Security Agreement and Fixture Filing), a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein for all purposes.   Such Deed of Trust was filed for record in the Official Public Records of Grayson County, Texas on May 30, 2008 and created a valid first lien on certain real property in Grayson County, Texas (the "Property") located at 2909 Michelle Dr., Sherman, Texas, being described as follows:

> Lot 3, Block 1 of Holiday Inn Sherman, a re-plat of Texoma Hospitality Addition, an addition to the City of Sherman, Grayson County, Texas, as shown by the Plat of Record in Volume 17, Page 192 of the Plat Records of Grayson County, Texas. (the "Real Property").

Additionally, Movant has a first lien on all the personal property of Debtor and such lien is perfected by that duly filed UCC-1, a copy of which is attached hereto as Exhibit "C."   Debtor also executed an Assignment of Rents and Leases in favor of UCB, a copy of which is attached hereto as Exhibit "D."

5.      Movant is the legal owner and holder of the aforementioned exhibits.

6.      Such Note matured on its own terms pre-petition.

7.      Debtor defaulted under the terms of the Note by failing to make the payments due thereunder and such Note is currently past due and is wholly due and owing.   As of December 13, 2011, Movant is the holder of a claim against Debtor in the approximate amount of $6,024,646.77 in principal, plus accrued but unpaid interest of $345,738.85, $64,308.85 in late charges, and other attorneys' fees and costs.

8.      Such hotel has not been operating since February, 2011 and is generating no income. Therefore, there is insufficient income to cover any operating expenses, much less service the Note owing to UCB.   Further, Debtor has failed to pay the ad valorem taxes which have been unpaid and are currently accruing penalty and interest for each day it remains due, owing and unpaid.   In addition, Debtor has entered into at least three agreements with Property Tax Lending, L.P. and owes such in excess of $400,000. Such agreements were dated February 23, 2009 in the principal amount of $151,229.07, January 22, 2010 for $113,029.44, and January 26, 2011 for an additional $138,497.26.   Therefore, Debtor has not been able to pay its property taxes for any year since the loan was made.

9.      Further, the Property is not necessary or essential to Debtor's reorganization as an effective reorganization is not possible.  Debtor will be unable to prove that there exists any reasonable likelihood or possibility of reorganization incorporating the Property within a reasonable, identifiable time since there is no prospect of a substantial cash infusion; the revenues from the Property are non-existent; Lender has given Debtor, its principals and one of the Bank's guarantors, Mr. Dhillon, sufficient time to come up with a plan to stabilize the business and he has repeatedly failed to do so.  UCB will not support any plan that does not pay it substantially in full, so Debtor will not be able to satisfy the absolute priority rule in order to confirm a plan.  UCB also has the right to credit bid in any possible sale of the Property and intends to protect its interests in that manner as well.

10.     Movant would show the Court that Debtor has no equity in the Property and that the Property is not necessary or essential to Debtor's reorganization as an effective reorganization is not possible and the automatic stay should be lifted under Section 362(d)(2).   By Debtor's own admission, in its Schedules, it is obvious that Debtor has no equity in the Property.

11.     Movant would further show the Court that Debtor has neglected to provide Movant with adequate protection with respect to the Property; alternatively, Movant requests adequate protection. There are no assets from which to provide UCB with adequate protection.

12.     Movant further requests that the automatic stay be terminated for cause under Section 362(d)(1) to allow Movant to exercise its rights under the loan documents and applicable law, including but not limited to, repossessing and/or foreclosing its liens on the real and personal Property.

13.     If Movant is not permitted to foreclose its lien on such real and personal Property, it will suffer irreparable injury, loss and damage.

14.     Movant further requests that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived to enable Movant, its successors and assigns, to immediately enforce and implement the terms of the proposed order granting relief from the automatic stay upon this Honorable Court's signature.

WHEREFORE, UNITED CENTRAL BANK prays that upon hearing of this Motion, the stay pursuant to 11 U.S.C. § 362 be lifted to permit Movant to protect its security lien interest in the real and personal Property described in the exhibits attached hereto and/or exercise all of its available remedies at law including but not limited to proceeding with foreclosure under the loan documents with regard to the real and personal Property, and for such other and further relief, general and special, legal and equitable, to which Movant may be justly entitled.

DATED February 3, 2012.

Respectfully submitted,

**JONES, ALLEN & FUQUAY, L.L.P.**
8828 Greenville Avenue
Dallas, Texas 75243
Telephone: (214) 343-7400
Facsimile: (214) 343-7455

By:_____/s/ Laura L. Worsham_____
Laura L. Worsham
State Bar No. 22008050
Nathan Allen, Jr.
State Bar No. 01071000

Attorneys for UNITED CENTRAL BANK

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above Motion for Relief from Stay has been served on the parties set forth below electronically and as otherwise set out and upon the twenty largest unsecured creditors as shown on the attached, this 3rd day of February, 2012:

*U.S. Trustee*
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702
**By Notice of Electronic Filing**

A.J. Brown
*Counsel for Debtor*
Kung & Brown
214 South Maryland Pkwy., Ste A
Las Vegas, NV 89101
**By Notice of Electronic Filing**

Dhillon Group, LLC
*Debtor*
1930 Idaho St.
Elko, NV   89801
**First Class Mail**

Ms. Joyce Lindauer
Mr. Arthur Ungerman
*Proposed Counsel for Debtor*
8140 Walnut Hill Lane, Ste 301
Dallas, TX 75231
**By Notice of Electronic Filing**

_____/s/ Laura L. Worsham_____
Laura L. Worsham

IRS
SBSE/Insolvency
Department of the IRS
Box 330500-Stop 15
Detroit, MI 48232

Real Estate Tax Consultants
3325 Silverstone Dr.
Plano, TX 75023

Belfor
185 Oakland Ave., Suite 300
Birmingham, MI 48009

Koetter Fire Protection
10351 Olympic Dr.
Dallas, TX 75220-9930

SCN Renovation & Design, LLC
II Galleria Tower
13455 Noel Rd., Suite 1000
Sherman, TX 75092

Cable One
3720 Texoma Parkway
Sherman, TX 75090

LodgeNet
P.O. Box 952141
St. Louis, MO 63195-2141

StarTex Power
P.O. Box 4802
Houston, TX 77210-4802

Cirro Energy
P.O Box 660004
Dallas, TX 75266-0004

Maluk Dhami
1986 Bridget Marie Dr.
Modesto, CA 95351

Texas Workforce Commission
P.O. Box 149037
Austin, TX 78714

City of Sherman – Water
P.O. Box 869074
Plano, TX 75086

Merlin Law Group
Three Riverway, Suite 701
Houston, TX 77056

Travelers Insurance
P.O. Box 660317
Dallas, TX 75266-0317

Dimension Electricity and A/C
P.O. Box 2255
Sherman, TX 75090

Property Tax Lending
17950 Preston Rd., Suite 650
Dallas, TX 75252

United Central Bank
4555 W. Walnut St.
Garland, TX 75042

Intercontinental Hotels
P.O. Box 10174
Atlanta, GA 30392-1074

Purchasing Partners, Inc.
2398 Mt. Vernon Rd., Suite 200
Atlanta, GA 30338-3064