# UNITED CENTRAL BANK
## PROMISSORY NOTE

$6,497,000.00          Garland, Texas          May 20, 2008

FOR VALUE RECEIVED, I, we, or either of us ("Borrower"), promises to pay to the order of United Central Bank ("Lender"), at Lender's address at 4555 West Walnut, Garland, Dallas County, Texas 75042, or at such other place as Lender may designate in writing, the principal sum of Six Million Four Hundred Ninety-Seven Thousand Dollars ($6,497,000.00) or so much thereof as shall be advanced, with interest thereon at the Stated Interest Rate, as follows:

1. **DEFINITIONS.** When used herein, the following terms have the meanings given in this paragraph:

   A. **Maximum Rate.** The term "Maximum Rate" shall mean the highest lawful rate of interest applicable to this Note. In determining the Maximum Rate, due regard shall be given to all payments, fees, charges, deposits, balances and agreements which may constitute interest or be deducted from principal when calculating interest.

   B. **Security Instruments.** The term "Security Instruments" shall mean any Deed of Trust and/or Security Agreement described herein, together with all other assignments, loan agreements, guaranty agreements, mortgages or other agreement securing or pertaining to this Note or evidencing the loan evidenced hereby.

   C. **Stated Interest Rate.** The term "Stated Interest Rate" shall mean the lesser of (i) Maximum Rate or (ii) seven percent (7.00%) per annum calculated on a daily basis. The daily rate shall be equal to 1/360th times the Stated Interest Rate (but shall not exceed the Maximum Rate).

2. **PAYMENT.** The principal and interest of this Note are payable on demand, but if no demand is made, then as follows:

   A. Principal and interest are payable in thirty-five (35) equal monthly installments of Fifty Thousand Three Hundred Seventy-One Dollars ($50,371.00) each, the first installment of which is due and payable on June 20, 2008, and each subsequent installment of which is due and payable on the twentieth (20th) day of each succeeding calendar month for the thirty-four (34) months thereafter. One final installment in full of the principal and interest then due, owing and outstanding shall be due and payable on May 20, 2011. All payments shall first be applied to the accrued but unpaid interest on the principal balance

**PROMISSORY NOTE** - Page 1
ucb\1888\Note - fixed

T-1
Initial



from time to time remaining outstanding hereunder, with the remainder to be applied toward principal.

B.    In the event that this Note is prepaid in full or in part voluntarily or through an acceleration of the maturity date of the Note due to an event of default hereunder or under the Security Instruments at any time prior to the maturity date hereof, Borrower shall pay to Lender a prepayment penalty. If the prepayment is made within one (1) year from the date hereof, the prepayment penalty shall be equal to three percent (3%) of the amount of the prepayment; and each year thereafter, the prepayment penalty shall be reduced by one percent (1%) per year. A prepayment shall be defined as that portion of any payment that exceeds the normal principal reduction of this Note by more than twenty percent (20%) based on the applicable amortization schedule.

3.    **LATE CHARGE.**  In the event that any payment, installment or amount due hereunder continues unpaid for more than ten (10) days following the date such payment is due, including Saturdays, Sundays and holidays, Borrower agrees to pay Lender a late charge in the amount of five percent (5%) of such past due payment, installment or amount due; however, nothing in this paragraph shall be construed to allow Lender to charge or collect interest in excess of the Maximum Rate. Such late charge shall be due and payable upon demand, however, only one late charge shall be paid for each late payment, installment or amount due.

4.    **FINANCIAL INFORMATION.**  During the term of the Note, Borrower agrees to furnish to Lender within twenty (20) days of Lender's request, any and all financial information which Lender may request, including, but not limited to, financial statements, tax returns, and tax receipts. Additionally, Borrower agrees to furnish to Lender, as soon as practicable, and in any event mailed within ninety (90) days after the end of its fiscal year, the following information: (a) Borrower's financial statement of annual income and expenses and balance sheet certified by Borrower; (b) Borrower's federal income tax return no later than ten (10) days after said return has been filed with the Internal Revenue Service; and (c) with reasonable promptness, such other financial data as Lender may reasonably request. All financial statements shall be in form and content satisfactory to Lender in Lender's sole discretion.

In addition to or in lieu of exercising any of its rights or remedies under this Note, in the event Borrower fails to provide the financial statements as required hereunder or under the Security Instruments, Lender shall have the right to increase the Stated Interest Rate for a period commencing three (3) days after delivery of written notice to Borrower of such default and ending upon the curing of said noticed default, by one-half of one percent (.50%) for the first thirty (30) days, and to increase the Stated Interest Rate an additional one-fourth of one percent (.25%) for each thirty (30) day period thereafter during which the noticed default continues uncured; provided, however, the Stated Interest Rate shall never exceed the Maximum Rate. Such default interest rates shall apply to the outstanding principal balance of the Note. Upon the curing of the noticed default, the interest rate on the Note shall revert to the initially agreed upon Stated Interest Rate effective on the date on which the default is cured. Such additional interest shall be due and payable with each regularly scheduled payment as set forth herein. All notices to Borrower shall be deemed to be received upon the earlier of actual receipt or three (3) days after deposit in the U.S. Mail, postage prepaid, certified or registered mail, addressed to Borrower at the address set forth in the Deed of Trust. Any noticed default shall be deemed to be

PROMISSORY NOTE - Page 2
ucb\1888\Note - fixed

Initial

cured only at such time as Borrower has provided Lender with evidence satisfactory to Lender, in its sole discretion, that such default has been cured. Nothing contained in this paragraph shall be deemed to be an election of remedies by Lender or a waiver of any of its rights or remedies contained in this Note or other document or instrument evidencing or securing the Note, including, but not limited to, Lender's right to accelerate the Note.

5. **APPLICABLE INTEREST CEILING.** For purposes of determining the Maximum Rate, the Weekly Ceiling specified in Texas Credit Title Art. 5069-1D.002 and/or Texas Finance Code Section 303.201 (formerly Tex. Rev. Civ. Stat. Ann. art. 5069-1.04), as amended, shall be used (Borrower and Lender hereby agreeing to such rate); however, if permitted by law, Lender may implement any ceiling under that law used to compute the rate of interest hereunder by notice to Borrower as provided in such law. Notwithstanding the foregoing sentence, if either Section 501 or Section 511 of the Depository Institutions Deregulatory and Monetary Control Act of 1980, as amended, permit a higher Maximum Rate than the Texas Credit Title and/or Texas Finance Code, such higher Maximum Rate shall apply to this Note.

6. **DEFAULT, REMEDIES.** At the option of Lender, the entire unpaid principal balance and accrued but unpaid interest hereon shall, to the extent permitted by law, at once become due and payable without notice or demand and Lender may foreclose and enforce all liens and security interests securing this Note upon the occurrence at any time of any of the following events: (i) default in the payment of any installment of principal or interest due hereunder; or (ii) default in the performance of any of the covenants or provisions of the Security Instruments; or (iii) the liquidation, termination, dissolution, or (if any of the undersigned is a natural person) the death of any of the undersigned; or (iv) the bankruptcy or insolvency of, the assignment for the benefit of creditors by, or the appointment of a receiver for any property of, any party liable for the payment of this Note, whether as maker, endorser, guarantor, surety, or otherwise; or (v) if Lender, prior to maturity, reasonably believes the prospect for payment hereof is impaired or deems itself insecure. If this Note is not paid when due, whether at maturity or by acceleration, or if it is collected through a bankruptcy, probate, or other judicial proceeding, whether before or after maturity, Borrower agrees to pay reasonable attorney's fees, together with all actual expenses of collection and litigation and costs of court incurred by Lender, whether or not suit is actually filed.

7. **INTEREST AFTER DEFAULT OR MATURITY.** All past due principal and interest shall bear interest from maturity at the maximum rate of interest permitted by then applicable law or, if no limit is established by applicable law, at the Stated Interest Rate plus five percent (5%) per annum.

8. **WAIVER.** To the extent permitted by law, Borrower and all other makers, signers, sureties, guarantors and endorsers of this Note waive demand, presentment, notice of dishonor, notice of intent to demand or accelerate payment hereof, notice of acceleration, diligence in the collecting, grace, notice and protest, and agree to one or more extensions for any period or periods of time and partial payments, before or after maturity, without prejudice to the Lender.

9. **SECURITY.** This Note is secured by a Deed of Trust ("Deed of Trust") of even date herewith, executed by Borrower to Keith Ward, Trustee, covering certain real property situated in the County of Grayson and State of Texas; and by a Security Agreement ("Security Agreement") of even

PROMISSORY NOTE - Page 3
ucb\1888\Note - fixed

Initial

date herewith, executed by Borrower, as Debtor, and Lender, as Secured Party, and covering certain property more particularly described therein. The Note and Security Instruments are, in part, in renewal and extension of, and not an extinguishment of, the following: (a) that one certain Promissory Note dated August 29, 2007, in the original principal sum of Four Million Two Hundred Fifty Thousand Dollars ($4,250,000.00), executed by Dhillon Group, LLC, payable to BMC Capital, LP, and secured by Deed of Trust of even date therewith, executed by Dhillon Group, LLC to Bruce R. Barlett, Trustee, recorded in Volume 4316, at Page 716, of the Real Property Records of Grayson County, Texas; said Note and Deed of Trust being assigned to Red Mortgage Capital, Inc. by instrument filed September 11, 2007, and recorded in Volume 4321, Page 445, Deed Records, Grayson County, Texas and (b) that one certain Promissory Note dated September 28, 2007, in the original principal sum of One Million Nine Hundred Ninety-Five Thousand Dollars ($1,995,000.00), executed by Dhillon Group, LLC, payable to First National Bank of Winnsboro, Texas, and secured by Deed of Trust of even date therewith, executed by Dhillon Group, LLC to Rodney J. Starkweather, Trustee, recorded in Volume 4333, at Page 529, of the Real Property Records of Grayson County, Texas.

10. **CONTROLLING AGREEMENT.** All agreements between Borrower and Lender, whether now existing or hereafter arising and whether written or oral, are hereby limited so that in no contingency, whether by reason of demand or acceleration of the maturity hereof or otherwise, shall the interest contracted for, charged, received, paid or agreed to be paid to Lender exceed interest computed at the Maximum Rate. If, from any circumstance whatsoever, interest would otherwise be payable to Lender hereof in excess of interest computed at the Maximum Rate, the interest payable to Lender shall be reduced to interest computed at the Maximum Rate; and if from any circumstance Lender shall ever receive anything of value deemed interest by applicable law in excess of interest computed at the Maximum Rate, an amount equal to any excessive interest shall be applied to the reduction of the principal hereof and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to Borrower. All interest paid or agreed to be paid to Lender shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full period until payment in full of the principal (including the period of any renewal or extension hereof) so that the interest so computed shall not exceed the Maximum Rate. This paragraph shall control all agreements between Borrower and Lender.

11. **APPLICABLE LAW.** This Note shall be construed in accordance with the laws of the State of Texas and the laws of the United States applicable to transactions in Texas.

12. **NO WAIVER.** No delay on the part of Lender in the exercise of any power or right under this Note or Security Instruments shall operate as a waiver thereof, nor shall a single or partial exercise of any power or right preclude other or further exercise thereof or exercise of any other power or right. Enforcement by Lender of any security for the payment hereof shall not constitute any election by it of remedies so as to preclude the exercise of any other remedy available to it.

13. **SUCCESSORS, ASSIGNS.** The term "Lender" shall include all of Lender's successors and assigns to whom the benefits of this Note shall inure.

PROMISSORY NOTE - Page 4
ucb\1888\Note - fixed


Initial

14. PAYMENT AT MATURITY. At the maturity of this Note, Borrower will be required to either (a) pay the entire remaining outstanding principal balance; (b) renew and extend the Note with Lender; or (c) refinance with another lender. Lender's determination to renew and extend the Note is at Lender's sole discretion and may be upon different terms and conditions, including, but not limited to, changes in the interest rate, amortization and/or payment amount, and may be conditioned upon the payment of additional fees.

Dhillon Group, LLC,
a Texas limited liability company

By: _____
Jagmohan Singh Dhillon,
Managing Member