Leo John Jordan
Texas Bar No. 11014700
Shannon, Gracey, Ratliff & Miller, LLP
Main Street, Suite 4600
Dallas, Texas 75202
(214) 245-3072 - Direct
(214) 245-3090 – Facsimile
ljordan@shannongracey.com
**COUNSEL FOR PLAINTIFF**
**SECURITY NATIONAL INSURANCE COMPANY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS (SHERMAN)

| | |
|---|---|
| **IN RE DHILLON GROUP, LLC** ) <br> **TAX ID NO. 0230** ) <br> **2909 MICHELLE DR.** ) <br> **SHERMAN, TEXAS 75092** ) <br> ) <br> **Debtor.** ) <br> ) <br> _____ ) | **Bankruptcy No. 12-40163** <br><br><br><br><br> **Chapter No. 11** |
| ) <br> **SECURITY NATIONAL** ) <br> **INSURANCE COMPANY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **DHILLON GROUP, LLC, UNITED** ) <br> **CENTRAL BANK, BELFOR USA** ) <br> **GROUP, INC. and ADJUSTERS** ) <br> **INTERNATIONAL,** ) <br> ) <br> **Defendants.** ) | **Adv. Prc. No. _____** |

**COMPLAINT IN INTERPLEADER AND**
**FOR DECLARATORY JUDGMENT WITH JURY DEMAND**

Security National Insurance Company ("Security") files this Complaint in Interpleader and for Declaratory Judgment against Dhillon Group, LLC, United Central Bank, Belfor USA Group, Inc., and Adjusters International, Inc. (collectively, "Defendants"), and for its claim for

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 1**

relief alleges as follows:

## I.
## NATURE OF THE ACTION

1. This is an action for interpleader brought pursuant to 28 U.S.C. § 1335, Fed. R. Civ. P. 22, and Rule 7022 of the Federal Rules of Bankruptcy Procedure. It is also an action for declaratory judgment under 28 U.S.C. 2201.

2. As described more fully below, Security issued a Commercial Package Policy, Policy No. SSP1007814 00 (the "Security Policy"), to Dhillon Group, LLC ("Dhillon" or "Debtor"). Subject to the Security Policy's terms, conditions, exclusions, and limitations, that policy provided property damage and business income coverage to Dhillon for a Holiday Inn Express located at 2909 Michelle Drive, Sherman, Texas 75092 (the "Hotel"). Dhillon filed a claim for loss under the Security Policy in connection with a leak and water damage to the Hotel that occurred on or about February 4, 2011.

3. Security reasonably believes that demands for payment under the Security Policy have or will be received from Dhillon, United Central Bank, Belfor USA Group, Inc., and Adjusters International, Inc. and may be received from the U.S. Bankruptcy Trustee as well. In the face of conflicting and competing demands for payment of the Security Policy's loss proceeds, and in order to deliver the funds to an appropriate depository, Security brings this interpleader action for the Court to determine allocation of the Security Policy proceeds for the business income loss in the amount of $345,000 among these demands.

4. Security also delivered a check made payable to The Dhillon Group, LLC, United Central Bank and Belfor USA, Inc. in the amount of $117,884.25 in mid-September 2011 to Luis Esteves of Adjusters International. Mr. Esteves is the public adjuster/claims consultant for the Dhillon Group on the water damage claim. Mr. Esteves has held this Security check since

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 2**

delivery of the check to him almost 140 days after issuance. That check has become void because it was not negotiated within 90 days of receipt and now needs to be re-issued.

5. Security files the declaratory judgment action herein asking that its liability under the Policy's property damage, business income, and appraisal provisions be limited to the amounts to be interpled of $345,000 or the business income loss and $117,884.25 on the property damage loss.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction of this case under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship who demand or may demand the right to payment of money of the value of $500 or more, which is in the custody or possession of Plaintiff. Defendant Dhillon is a corporate citizen of the State of Texas, where it has its principal place of business. Defendant Adjusters International is a corporate citizen of the State of New York, where it has its principal place of business. Defendant Belfor USA is a corporate citizen of the State of Colorado with its principal place of business in Michigan. This establishes the minimum diversity requirement for a federal interpleader action. Although Defendant United Central Bank is a corporate citizen of Texas, where it has its principal place of business, complete diversity is not required for a 28 U.S.C. § 1335 interpleader.

7. This Court also has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

8. Pursuant to a ruling in the Nevada bankruptcy action on creditor United Central Bank's motion to dismiss for improper venue or alternatively to transfer venue, venue of this interpleader exists in this Court pursuant to 28 U.S.C. § 1409(a) and 28 U.S.C. § 1397 because the debtor's legal principal place of business and residence is in this judicial district.

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 3**

9. To the extent Debtor's estate's interest in the Security Policy and its monetary proceeds is actual and apparent, this interpleader action is a core proceeding under 11 U.S.C. § 157(b)(1) that arises in the Chapter 11 bankruptcy case of Dhillon, formerly pending before the U.S. Bankruptcy Court for Nevada, Case No. 11-bk-53706-btb (the "Bankruptcy Case"), but which has been transferred to this Court. This matter is otherwise related to the Bankruptcy Case under 11 U.S.C. § 157(c).

### III.
### THE PARTIES

10. Plaintiff Security is an insurance company organized and incorporated under the laws of Texas, with its principal place of business at 59 Maiden Lane, 6th Floor, New York, New York 10038. Security is licensed to do business in Texas.

11. Defendant Dhillon is a Texas limited liability company with its principal place of business located at 2909 Michelle Drive, Sherman, Texas 75092. Dhillon may be served with process by serving its registered service agent, Jagmohan Singh Dhillon, 2909 Michelle Drive, Sherman, Texas 75092 and at 3400 Parkwood Blvd, Frisco, Texas 75034-1968, and at 1930 Idaho Street, Elko, Nevada 89801-4604 by certified mail, return receipt requested.

12. Defendant United Central Bank is a Texas financial institution having its principal place of business at 4555 West Walnut Street, Garland, Texas 75042. United Central Bank may be served with process by serving its registered service agent, R. Tim White, 4555 West Walnut Street, Garland, Texas 75042 by certified mail, return receipt requested.

13. Defendant Belfor USA Group, Inc. is a Colorado corporation having its principal place of business at 185 Oakland Avenue, Suite 150, Birmingham, Michigan 48009. Belfor USA Group, Inc. may be served with process by serving its registered service agent for process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201 by certified

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 4**

mail, return receipt requested.

14. Defendant Adjusters International, Inc. is a Delaware corporation having its principal place of business located at 126 Business Park Drive, Utica, New York 13502. Adjusters International, Inc. may be served with process by serving its registered service agent for process in Texas, CT Corp System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234 by certified mail, return receipt requested.

## IV.
## FACTS

15. Security issued the Policy for the policy period of July 16, 2010, to July 16, 2011. Subject to its terms, conditions, exclusions, and limitations, the Security Policy provides, among other types of coverage, property damage and business income coverage to Dhillon for the Hotel. The Security Policy, for business income loss claims for the Hotel, provides in part:

Business Income means the:

(a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

(b) Continuing normal operating expenses incurred, including payroll.

\* \* \* \* \*

We will pay for the actual Loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

[The terms within quotes above are defined in the Policy in this manner:]

"'Suspension' means

a. The slowdown or cessation of your business activities. . . ."

"'Operations' means:

a. Your business activities occurring at the described premises. . . ."

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 5**

     "'Period of Restoration' means the period of time that:

a.    Begins:

    (1)    72 hours after the time of direct physical loss or damage for Business Income coverage; or

    (2)    Immediately after the time of direct physical loss or damage for Extra Expense coverage;

Caused by or resulting from any Covered Cause of Loss at the described premises; and

b.    Ends on the earlier of:

    (1)    The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

    (2)    The date when business is resumed at a new permanent location."

Exhibit 1 is a true copy of the Security Policy and it is incorporated herein by this reference.

    16.    Dhillon gave notice of a claim on the Security Policy, on February 7, 2011, following flooding and water damage to the Hotel occurring on February 4, 2011.

    17.    Adjusters International, Inc. acted as the claim consultant and public adjuster on behalf of Dhillon. The agreement between Dhillon and Adjusters International, Inc. states, in pertinent part, that Adjusters International, Inc. will receive a portion of the insurance proceeds recovered as Adjuster's International, Inc.'s compensation for its services as public adjuster. Exhibit 2 is a true copy of the agreement between Dhillon and Adjusters International, Inc. and it is incorporated herein by this reference.

    18.    Belfor USA Group, Inc. acted as a restoration company on behalf of Dhillon for the Hotel. The agreement between Dhillon and Belfor USA Group, Inc. provides that Belfor USA Group, Inc. is assigned the insurance proceeds of Dhillon for the Hotel. Exhibit 3 is a true copy of the agreement between Dhillon and Belfor USA Group, Inc. and it is incorporated herein by this reference.

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 6**

19. Belfor USA Group, Inc. has issued instructions to Security regarding reissuance of a previous payment in the amount of $117,884.25 for repairs Belfor conducted at the Hotel. Exhibit 4 is a true copy of the January 5, 2012, letter from Belfor USA Group, Inc. and it is incorporated herein by this reference.

20. Security issued a check for $117,884.25 to the Dhillon Group, United Central Bank, Adjusters International and Belfor USA, Inc. That check has become void due to the passage of time and now needs to be reissued post-petition.

21. Other checks issued by Security and delivered to Dhillon's principals have been misplaced, or were improperly deposited.

22. At the time it obtained its Policy and made its claims, Dhillon did not report the existence of a mortgage loan on the Hotel extended by United Central Bank.

23. After receiving the claim, Security investigated the claim and assigned a claim number of 726553. Security subsequently reserved its rights with respect to this claim.

24. After Dhillon made the claim for business income loss for the Hotel on the Security Policy, a dispute arose as to the amount payable on that claim. In April 2011 the claim was submitted to appraisal by Security and Dhillon specifically under the Policy's business income appraisal provision.

25. Thereafter, United Central Bank, which holds a lien for $6,497,000 against the Hotel pursuant to a deed of trust dated May 30, 2008, began the process of foreclosing on the Hotel in November 2011. United Central Bank was set to foreclose on the Hotel on December 6, 2011. The deed of trust granted United Central Bank an interest in all insurance proceeds in the event of a foreclosure and representatives of United Central Bank have expressed an intention to recover and retain any insurance proceeds received by Dhillon under the Security Policy. Exhibit

5 is a true copy of the promissory note, deed of trust, and security judgment which are incorporated herein by this reference. Exhibit 6 contains true copies of the bank's August 30, 2011, loan default letter to Dhillon and it is incorporated herein by this reference.

26. In the Deed of Trust, Dhillon assigned to United Central Bank, as a "portion of the security for the Note and secured by this Deed of Trust":

\* \* \* \* \*

(h) all claims and proceeds including without limitation all condemnation or insurance proceeds, arising out of or with respect to the Subject Real Property . . . (Deed of Trust, page 2).

and further assigned:

. . . all rents, revenues and incomes . . . from the Mortgaged Property, hereafter accruing, as additional security for the payment of the indebtedness hereby secured, and Mortgagee is hereby granted a prior, paramount and continuing lien upon all of said rents, revenues and incomes . . . (Deed of Trust, page 6),

as well as:

All judgments, decrees and awards for injury or damage to the Mortgaged Property . . . are hereby assigned in their entirety to Mortgagee who may apply the same to the indebtedness secured hereby, in such manner as it may elect and Mortgagee is hereby authorized in the name of Mortgagor to execute and deliver valid acquittance for, and to appeal from, any such award, judgment or decree. (Deed of Trust, page 6.),

such assignment becoming effective upon default by Mortgagor Dhillon, as established by United Central Bank letter of August 30, 2011, Exhibit 6.

27. The Deed of Trust further provides:

Should any loss occur to the insured property, Mortgagee is hereby appointed attorney-in-fact for Mortgagor to make proof of loss if Mortgagor fails to do so promptly, and to receipt for any sums collected under said policies, which said sums or any part thereof, at the option of Mortgagee, may be applied as payment on the indebtedness hereby secured, or to the restoration or repair of the property so destroyed or damaged. Mortgagor promptly will give notice by mail to Mortgagee of any loss or damage to the Mortgaged property and will not adjust or

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 8**

settle such loss without the written consent of Mortgagee.

28. On December 5, 2011, Dhillon filed for bankruptcy in Nevada. This bankruptcy stayed the foreclosure proceeding instituted by United Central Bank. That bankruptcy filing was subsequently ordered to be transferred to this Court on January 11, 2012. This bankruptcy case was docketed in the Eastern District of Texas on January 26, 2012.

29. Pursuant to the appraisal process for the business income loss, an appraisal amount of $345,000 has been agreed to by Dhillon and Security for the business income loss for the months of February 2011 through June 2011, subject to the remaining dispute between Security and Dhillon over the length of the period of restoration.

30. On January 3, 2012, an appraisal award was entered following determination of loss made by the designated appraisers for Security and Dhillon Group. Exhibit 7 is a true copy of the Business Income Appraisal Award and it is incorporated herein by this reference.

31. A true copy of the $345,000 check that Security will interplead upon leave of court is attached as Exhibit 8.

## V.
## COUNT 1: INTERPLEADER

32. Security repeats and realleges the allegations of paragraphs 1 through 31 of this Complaint in Interpleader and for Declaratory Judgment as if fully set forth herein.

33. Security has issued an insurance policy to Dhillon having a policy limit of $500 or more for business income losses.

34. Security is prepared, and is requesting leave of this Court, to deposit into the registry of the Court the amount of $345,000 representing the undisputed claim for business income loss by Dhillon for the Hotel under the Security Policy.

35. There are two or more adverse claimants, of diverse citizenship (thus establishing minimal diversity for this action), who either are demanding, or may demand the insurance proceeds.

36. Security has a reasonable fear of multiple liability, including a reasonable fear of pursuit of the Policy proceeds by a U.S. Bankruptcy Trustee. Any attempt by Security to make payment in response to one demand may lead to vexatious and multiple litigation from others, or from the Bankruptcy Trustee, who also may seek to obtain payment from the Security Policy. Security also faces the risk that Defendants may obtain inconsistent decisions exposing Security to multiple liability in excess of the appraisal award for business income loss should this interpleader action not be pursued.

37. Based upon assignments made, Security is unsure which claimant is entitled to the proceeds of the Security Policy for the business income loss and property damage losses, respectively in the amounts of $345,000 and $117,884.25. Moreover, Security timely files this complaint after receiving notice of multiple claims including those of the debtor and United Central Bank, notice of this bankruptcy on December 5, 2011, and notice of the transfer to the Eastern District of Texas on January 26, 2012, (which came to Security's attention on January 30, 2012), the foreclosure that was to occur on December 6, 2011, the interest held by Belfor USA Group, Inc., and the interest held by Adjusters International, Inc. in the recovery of insurance proceeds from Security.

38. Security stands neutral and disinterested for the interpled amount of $345,000 as to the respective parties, who may claim to be entitled to payment under the Security Policy, and seeks discharge from all obligations under or relating to the Security Policy or in any other manner arising from this, or in any other, bankruptcy proceeding.

39. Security further intends to deposit into the registry of the Court the separate sum of $117,884.25. This amount was paid pre-petition by Security to the Dhillon Group, LLC, United Central Bank, Adjusters International, and Belfor USA, Inc. Because that $117,884.25 check was not negotiated within 90 days of its receipt, it has become void and needs to be reissued.

## VI.
## RULE 7067 NOTICE

40. Under Fed. B. Rule 7067, by this notice, Security seeks in separate pleadings to leave to deposit with the registry of court for the United States Bankruptcy Court for the Eastern District of Texas, the amount of $345,000 to be invested in a court-approved, interest-bearing account, pending further order of this Court. Security claims no part of this money. Exhibit 8 is a true copy of Security's check in the amount of $345,000 and it is incorporated herein by this reference. Security previously forwarded a copy of this check to counsel for Dhillon Group.

## VII.
## COUNT II:    DECLARATORY JUDGMENT

41. Security repeats and realleges the allegations of paragraphs 1 through 40 of this Complaint in Interpleader and for Declaratory Judgment as if fully set forth herein.

42. Security requests that the Court determine the rights, obligations, and other legal relations of Security and Dhillon Group to Security Policy No. SSP1007814 00 with respect to the Hotel's February 4, 2011 freeze and water damage.

## VIII.
## JURY DEMAND

Security exercises its right to a jury trial on any issue triable of right by a jury.

## VIX.
## REQUEST FOR RELIEF

Security respectfully requests that the Court:

a. allow Security to deposit into the registry of the Court the sum of $345,000, being the amount due and owing under the Security Policy for the business income loss claim for the Hotel;

b. interplead the Defendants and adjudge and determine to whom the $345,000 in policy proceeds should be disbursed and in what amounts;

c. enter a judgment discharging Security from all further liability relating in any way to the Security Policy or any demands that may be made in connection with the Security Policy pursuant to Security's request for declaratory judgment;

d. award Security its costs; and

e. grant any and all further relief that this Court may deem equitable and just.

Respectfully submitted,

*/s/ Leo John Jordan*
Leo John Jordan
ljordan@shannongracey.com
Texas Bar No. 11014700
SHANNON GRACEY RATLIFF & MILLER LLP
901 Main Street, Suite 4600
Dallas, Texas 75202
(214) 245-3090
(214) 245-3072 (direct)
(214) 245-3097 (fax)
**COUNSEL FOR PLAINTIFF SECURITY NATIONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on February 6, 2012 I electronically submitted the foregoing filing with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to the following individual who consented in writing to accept this notice as service of this document by electronic means:

A. J. Kung
Kung & Brown
214 South Maryland Parkway, Suite A
Las Vegas, NV 89101

Joyce Lindauer
8140 Walnut Hill Lane, Suite 301
Dallas, TX 75231
Counsel for the Dhillon Group, LLC

Jose Portela
The Beckham Group
3400 Carlisle, Suite 550
Dallas, TX 75204

U. S. Trustee
Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

Laura Worsham
Jones, Allen & Fuquay
8828 Greenville Ave.
Dallas, TX 75243

                                                  /s/ Leo John Jordan
                                                  Leo John Jordan

**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY JUDGMENT – Page 13**