IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILLON GROUP, LLC, | § | CASE NO. 12-40163-btr |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

### UNITED CENTRAL BANK'S OBJECTION TO MOTION TO SHORTEN EXCLUSIVITY PERIOD

COMES NOW UNITED CENTRAL BANK ("UCB"), the largest creditor, and files this its Objection to the Motion to Shorten Exclusivity of GURPREET DHALIWAL ("Dhaliwal") [Docket No. 113], and in support of such would the court as follows:

1. Given the current status of the case, this Motion is simply filed too late. The sole asset of the Debtor (Holiday Inn-Express) and UCB's collateral has been posted for a June 5, 2012 foreclosure sale pursuant to the terms of an Agreed Order Modifying Stay. In the event certain conditions are satisfied by the Debtor on or before May 24, 2012, the Debtor is permitted to proceed to a June 4, 2012 confirmation hearing on its Plan. The relief sought by Dhaliwal would violate the terms of existing Orders in this case.

2. The Holiday Inn is not operating and has not been operational since February 2011. UCB is owed in excess of $6.4 million and will show the value of its collateral is $4.7 million in its present condition (exclusive of any insurance proceeds). Further, UCB is the holder of an unsecured deficiency claim in the amount of at least $1.6 million (exclusive of any insurance proceeds). Consequently, upon information and belief, UCB is both the largest secured creditor as well as the largest unsecured creditor.

3. Neither Dhaliwal nor any of his disclosed co-investors are creditors of this Debtor. They are merely trying to further their individual economic interests at the time and expense of UCB.

4.  The Debtor and UCB have no agreement regarding the Debtor's Plan of Reorganization, and UCB will be filing its objection to the Plan (in the event Debtor fully satisfies the May 24, 2012 deadlines in the Lift Stay Order).

5.  Dhaliwal's proposed treatment of UCB and the economics are materially worse than the treatment proposed by the Debtor and objected to by UCB. Further, his valuation of the collateral is "not in the ballpark" as to the true value of the collateral and is a **full million dollars less** than the value proposed by the Debtor, which is still substantially less than the value set forth by UCB. The payment term is two years longer than proposed by Debtor with a net lower interest rate.

| DEBTOR'S PLAN | COMPETING PLAN |
|---|---|
| *Valuation*:<br>$3,500,000 plus $750,000 in insurance proceeds | *Valuation*:<br>$3,200,000 |
| *UCB Treatment*:<br>a) 25 year amortization over 36 months<br>b) Payments begin on Effective Date<br>c) Amount of claim in addition to insurance proceeds<br>d) Interest – prime plus 1 for 12 months, prime plus 2 for next 24 months<br>e) Results in deficiency unsecured claim of approximately $2,250,000 | *UCB Treatment*:<br>a) 25 year amortization over 60 months<br>b) Payments begin 90 days after Effective Date<br>c) Amount of claim reduced by insurance proceeds<br>d) Interest – prime plus 1.8 for 60 months<br>e) Results in deficiency unsecured claim of $3,450,000 |

6.  Moreover, Dhaliwal has either forgotten or chosen to ignore UCB's unsecured deficiency claim in the amount of at least $1.6 million assuming the court determines UCB's value of $4.7 million is correct. If the value is determined to be less than $4.7 million, then UCB's unsecured claim will increase. His stated benefit for proposing the Competing Plan is to enhance the treatment of the unsecured creditors by providing greater dividends. Such creditors will not receive a "meaningful benefit" as alleged by Dhaliwal. Further, it appears that Dhaliwal is attempting to separately classify a convenience class in an attempt to obtain a consenting class. If that is the case, such is gerrymandering, not proposed in good faith, and not fair and equitable.

7.  Dhaliwal's filing at this late stage unduly multiplies the proceedings resulting in UCB incurring additional time and legal expense to respond.  Further, such motion delays the proceedings before this court which substantially prejudices UCB as its collateral is posted for a June 5, 2012 foreclosure sale.  In the event the court confirms the Debtor's Plan over UCB's objection, at least the hotel renovations would commence immediately under the Debtor's Plan.  Delaying the confirmation hearing to allow Dhaliwal an opportunity to propose his plan causes undue delay.  Further, his motion serves no legitimate purpose.

8.  Although the bankruptcy courts do not ordinarily favor debtor's equity dictation of what transpires in a Chapter 11 plan, such does not mean that interlopers with no direct interest in the case should be allowed to jump in to serve their own economic interests at the expense of the creditors of the estate.

WHEREFORE, UNITED CENTRAL BANK prays that this court deny the Motion to Shorten Exclusivity Period in all things, and for whatever and further relief to which it may be justly entitled.

DATED  May 24, 2012.

Respectfully submitted,

**JONES, ALLEN & FUQUAY, L.L.P.**
8828 Greenville Avenue
Dallas, Texas 75243
Telephone: (214) 343-7400
Facsimile: (214) 343-7455

By:  *s/ Laura L. Worsham*
Laura L. Worsham
State Bar No. 22008050
Nathan Allen, Jr.
State Bar No. 01071000

Attorneys for UNITED CENTRAL BANK

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 24th day of May, 2012, I personally caused to be served a true and correct copy of the foregoing Objection to Motion to Shorten Exclusivity Period by filing same with the Court's CM/ECF system which delivers electronic notice to all persons receiving service through such system, upon the following:

| | |
|---|---|
| Mr. John M. Vardeman<br>*U.S. Trustee*<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702<br>**By Notice of Electronic Filing** | Ms. Joyce W. Lindauer<br>*Counsel for Debtor*<br>Attorney at Law<br>8140 Walnut Hill Lane, Suite 301<br>Dallas, TX 75231<br>**By Notice of Electronic Filing** |
| Mr. John J. Gitlin<br>*Counsel for Gurpreet Dhaliwal*<br>Spring Valley Office Commons<br>5339 Spring Valley Rd.<br>Dallas, TX 75254<br>**By Notice of Electronic Filing** | |

              /s/ Laura L. Worsham
              Laura L. Worsham