**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILLON GROUP, LLC | § | CASE NO. 12-40163-BTR-11 |
| | § | |
| DEBTOR. | § | |

**OBJECTION OF JAGMOHAN DHILLON TO GURPREET DHALIWAL'S MOTION TO SHORTEN EXCLUSIVITY PERIOD AND PERMIT THE FILING OF MOVANT'S COMPETING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; TO MODIFY ORDER ISSUED ON MAY 9, 2012; AND TO SHORTEN TIME FOR HEARING ON MOVANT'S DISCLOSURE STATEMENT (RE: DOCKET NO. 113)**

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

Jagmohan Dhillon ("Dhillon"), equity interest holder and party in interest, files this objection to *Gurpreet Dhaliwal's Motion to Shorten Exclusivity Period and Permit the Filing of Movant's Competing Plan of Reorganization and Disclosure Statement; to Modify Order Issued on May 9, 2012; and to Shorten Time for Hearing on Movant's Disclosure Statement* (Docket No. 113) (the "Motion") and in support thereof would show the Court the following.

<u>**OBJECTION TO THE MOTION**</u>

1. <u>**Dhaliwal has no standing to file the Motion, object to confirmation of the Debtor's plan, or to prosecute a competing plan.**</u>

1.      Dhaliwal has no standing to prosecute the Motion or to propose a completing plan.  Dhaliwal is not a creditor of the Debtor.[1]  Dhaliwal is not an equity interest holder of the

---

[1] *See* Debtor's schedules, Docket Nos. 1, 85; Debtor's approved disclosure statement, Docket No. 104; Dhaliwal's proposed plan, Docket No. 103.

Debtor.[2]  Dhaliwal has no financial stake whatsoever in the outcome of the Debtor's plan or of

this case.[3]  Dhaliwal has not sought the right to intervene in this case, nor could Dhaliwal satisfy

any of the grounds for intervention,[4] particularly (as is the case here) in the absence of any

question of fact or of law that impacts Dhaliwal in this case or of any interest of Dhaliwal that

requires protection in this case.[5]  Dhaliwal has nothing at stake within the "zone of interest" that

is addressed by this case.[6]  Consequently, Dhaliwal is not a party in interest[7] who has standing to

be heard in this action[8] or to object to confirmation,[9] let alone file a competing plan.[10]

2.      Dhaliwal promises that an objection is forthcoming to the Debtor's plan,[11] but the

glaring question is raised as to why wasn't the objection filed before or with the Motion, and

why hasn't Dhaliwal still not filed such an objection.

3.      Also worthy of question is why doesn't the Motion disclose Dhaliwal's lack of

interest in this case and/or the lack of interest by that of Raj Patel ("Patel") or Dilip Amin

("Amin"), who are the proposed investors joining Dhaliwal in the purported competing plan.

---

[2] *See id.*

[3] *See* 7-1109 Collier on Bankruptcy P 1109.03 (Lexis 2012) ("In general, an entity that does not hold a financial or legal stake in the case is typically excluded from the definition of 'party in interest.'")

[4] *See* Fed. R. Bankr. P. 2018.

[5] *See In re Addison Community Hosp. Auth.,* 175 B.R. 646, 651 (Bankr. E.D. Mich. 1994) ("Granting permissive intervention is within the court's discretion.  Rule 2018 gives courts the discretion to balance the needs of a potential intervenor against any delay or prejudice which would result from intervention.") (internal citations omitted).

[6] *See Association of Data Processing Serv. Org., Inc. v. Camp,* 397 U.S. 150, 153, 90 S. Ct. 827, 25 L. Ed. 2d 184 (1970) .

[7] *See* 11 U.S.C. § 1109(b).

[8] *See* 11 U.S.C. § 1121(c).

[9] *See* 11 U.S.C. § 1128(b).

[10] *See* 11 U.S.C. § 1121(c).

[11] *See* Motion, ¶ 17, at p.4. ("These defects will be the subject of an objection to the Debtor's Plan filed by Movant.")

---

2. **Dhaliwal's Motion is ridiculously late in the game.**

4.      Dhaliwal's endeavor to terminate exclusivity and prosecute a plan is much, much too late in the game.  Dhaliwal first contacted the Debtor that Dhaliwal was interested in a competing plan on or about April 6, 2012, and a competing plan had been threatened by Dhaliwal to Dhillon prior to such date.  Dhaliwal's counsel filed a notice of appearance the same day.[12]  Dhaliwal even told the Debtor, through counsel, that a plan would be on file by the end of that particular week.[13]

5.      The Motion was filed on May 21, 2012.  Thus, a period of at least 45 days elapsed between the time that Dhaliwal first conceived of filing a competing plan versus the time that Dhaliwal actually acted upon the concept.

6.      During the 45-day period between these two events the following milestones came and went in this case without Dhaliwal taking any steps to seek to alter the timeline of this case.

| Date | Event |
|---|---|
| March 16, 2012 | Debtor's files disclosure statement.[14] |
| March 19, 2012 | Court sets hearing on Debtor's disclosure statement. |
| March 19-April 23, 2012 | Objection period to Debtor's disclosure statement. |
| April 6-April 23, 2012 | 19-day period of disclosure statement objection period that Dhaliwal in this case but did not file objection to disclosure statement. |
| April 30, 2012 | Court enters order approving Debtor's disclosure statement.[15] |

---

[12] *See* Docket No. 97.

[13] *See* Exhibit A, attached hereto and incorporated by reference herein.

[14] *See* Docket No. 88.

[15] *See* Docket No. 89.

**OBJECTION OF JAGMOHAN DHILLON TO  GURPREET DHALIWAL'S MOTION TO SHORTEN EXCLUSIVITY PERIOD AND PERMIT THE FILING OF MOVANT'S COMPETING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; TO MODIFY ORDER ISSUED ON MAY 9, 2012; AND TO SHORTEN TIME FOR HEARING ON MOVANT'S DISCLOSURE STATEMENT (RE: DOCKET NO. 113) – Page 3 of 7**

| Date | Event |
|------|-------|
| April 30, 2012 | Debtor mails solicitation package.[16] |
| April 30, 2012 – May 20, 2012 | 21 days of plan voting and objection period elapse before Dhaliwal files objection and proposed competing plan. |

### 3. **The Motion is incorrect — exclusivity does _not_ expire prior to the confirmation hearing.**

7. The Motion incorrectly states that exclusivity ends on June 2, 2012.[17] June 2, 2012 is a Saturday.

8. Exclusivity actually ends on June 4, 2012,[18] which is a Monday, the same day as the confirmation hearing.[19] Movant is mistaken that Movant can prosecute a plan prior to June 4, 2012.[20]

### 4. **The Motion and proposed competing plan reek of retaliation and are not presented in good faith.**

9. The only reason that the Court is dealing with the Motion is that Dhaliwal, Patel, and Amin seek to retaliate for Dhillon proposing a competing plan in the Midwest[21] case and then in the D&D[22] case.

10. The stark difference between Dhillon's efforts and the shenanigan's evidenced in the Motion is that Dhillon was an actual investor in Midwest and D&D who sought by a

---

[16] _See_ Docket No. 108.

[17] _See_ Motion, ¶ 11, at p.3.

[18] _See_ Fed. R. Bankr. P. 9006(a)(1)(C) ("When the period is stated in days or a longer unit of time: **** (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

[19] Docket No. 107.

[20] _See_ Motion, ¶ 20, at p.4.

[21] 11-40629-BTR-11.

[22] 11-43153-BTR-11. Dhillon acted as the authorized agent and/or attorney in fact of Bawa Dhillon in this case.

---

**OBJECTION OF JAGMOHAN DHILLON TO  GURPREET DHALIWAL'S MOTION TO SHORTEN EXCLUSIVITY PERIOD AND PERMIT THE FILING OF MOVANT'S COMPETING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; TO MODIFY ORDER ISSUED ON MAY 9, 2012; AND TO SHORTEN TIME FOR HEARING ON MOVANT'S DISCLOSURE STATEMENT (RE: DOCKET NO. 113) – Page 4 of 7**

competing plan process to protect his investment in the underlying properties and who sought to inject additional new capital into those debtors.[23]   Dhaliwal, Patel, and/or Amin[24] stood before the Court in the D&D case[25] and railed against the supposed improper motives of Dhillon in prosecuting a competing plan, but now have audacity to take up the Court's time and resources and other parties' time and resources to present a Motion that is grievously belated and for which Dhaliwal, Patel, and/or Amin have no standing.

11.    Consequently, the Court should take into consideration that the Motion and the proposed competing plan reek of retaliation and are not presented in good faith.[26]

### JOINDER

12.    Dhillon joins any other objections filed in opposition to the Motion, including the objections of the Debtor and United Central Bank, to the extent not inconsistent herewith.

### CONCLUSION AND PRAYER

WHEREFORE, Jagmohan Dhillon respectfully requests that the Court deny the Motion. Dhillon requests such other and further relief to which he may be entitled at law or in equity.

---

[23] It must also be remembered that Raj Patel also initially submitted a competing plan in the Midwest case, only later to buy the SBA note and reach a settlement with Dhaliwal.

[24] Amin also represents the Dhaliwal brothers who were also involved in Midwest and D&D.

[25] The Court may recall that Patel and Dhillon each presented a competing plan in the Midwest case, and ultimately Patel and Midwest/Dhaliwal ultimately filed a joint plan which was later confirmed.

[26] *See In re Vill. at Camp Bowie I, L.P.*, 454 B.R. 702, 709 (Bankr.N.D.Tex. 2011) (generally applicable test for good faith under section 1129(a)(3) is that plan has been proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success; the good faith test requires that the court consider totality of circumstances); *see also In re ISC Bldg. Materials, Inc.*, 2011 Bankr. LEXIS 2036 (Bankr.S.D.Tex.  2011) (courts have held that the good-faith test of section 1129(a)(3) requires plan proposed with honesty and good intentions).

**OBJECTION OF JAGMOHAN DHILLON TO  GURPREET DHALIWAL'S MOTION TO SHORTEN EXCLUSIVITY PERIOD AND PERMIT THE FILING OF MOVANT'S COMPETING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; TO MODIFY ORDER ISSUED ON MAY 9, 2012; AND TO SHORTEN TIME FOR HEARING ON MOVANT'S DISCLOSURE STATEMENT (RE: DOCKET NO. 113) – Page 5 of 7**

Dated:  May 28, 2012                    Respectfully submitted,

                                        WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                                        By:   /s/ Jeff Carruth
                                            JEFF CARRUTH
                                            State Bar No. 24001846
                                            3030 Matlock Rd., Suite 201
                                            Arlington, Texas 76015
                                            Phone: (817) 795-5046
                                            Facsimile: (866) 666-5322
                                            jcarruth@wkpz.com

                                        ATTORNEYS FOR JAGMOHAN DHILLON


## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the foregoing was served upon all registered ECF users in this case on May 28, 2012.

                                            /s/ Jeff Carruth
                                        One of Counsel

## EXHIBIT A

**From:** John Gitlin [mailto:johngitlin@gmail.com]
**Sent:** Friday, April 06, 2012 09:42
**To:** Joyce Lindauer
**Subject:** Dhillon Group LLC

Joyce;

      Just to give you a head's up, I have been retained by Gurpreet Dhaliwal to submit a competing plan to the plan submitted by Jag. I anticipate that it should be uploaded today or Saturday at the latest. My son now has the chance to beat his Dad's brains out. Regards. John