UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILLON GROUP, LLC, | § | CASE NO. 12-40163 |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

ORDER CONFIRMING DEBTOR'S
FIRST AMENDED PLAN OF REORGANIZATION DATED
APRIL 26, 2012 [Docket 103], As Modified [Docket 125]

CAME ON FOR CONSIDERATION on June 4, 2012, the confirmation of Dhillon Group, LLC's First Amended Plan of Reorganization Dated April 26, 2012 [Docket 103], As Modified [Docket 125] (collectively the "Plan").[1] At the confirmation hearing the Debtor and United Central Bank ("UCB") admitted a written stipulation with the Court and further stipulated on the record as follows:

(a) the interest rate for the first year of the Plan in connection with the treatment of UCB's Allowed Secured Claim is 5% per annum and that the rate in the Plan for years 2 and 3 shall be 5.25% as set forth in the Plan;

(b) the value of the Debtor's real and related personal property (exclusive of insurance proceeds) is $3,900,000.00;

(c) as between the Debtor and UCB, UCB is entitled to all of the insurance proceeds arising from any claims (made or unmade) of the Debtor for damage to the Holiday Inn Express in Sherman, Texas (the "Hotel") in 2011, and Debtor specifically waives any and all claims to such insurance proceeds and any future insurance proceeds; however, nothing in the Plan or this

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Plan.

1 | P a g e

Order shall prevent any other parties to Adversary Proceeding No. 12-04022 styled *Security National Insurance Company v. Dhillon Group, LLC, United Central Bank, Belfor USA and Adjusters International*, from making a claim to such proceeds;

(d) UCB shall apply the insurance proceeds it recovers on account of the Debtor's damage claims against the UCB Allowed Claim in the approximate amount of $6,425,557.74; and

(e) there are secured ad valorem tax claims on the Debtor's property senior to the claim of UCB in the approximate amount of $611,000.00 as of the Petition Date.

Accordingly, the Court, having reviewed the Plan, the Modification, Stipulations, the statements of counsel, the evidence presented or proffered, the pleadings, the record in this case, and being otherwise fully advised, finds jurisdiction over the subject matter and the parties, and that for the reasons stated on the record and set forth herein, finds that the Plan complies with the requirements for confirmation set forth in 11 U.S.C. § 1129, including the following:

a. Section 1129(a)(1). The Plan complies with the applicable provisions of Title 11.

b. Section 1129(a)(2). The proponent of the Plan has complied with the applicable provisions of Title 11.

c. Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law.

d. Section 1129(a)(4). Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e.  Section 1129(a)(5).  The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtor, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

f.  Section 1129(a)(6).  This provision is not applicable.

g.  Section 1129(a)(7).  With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date.

h.  Section 1129(a)(8).  Two impaired classes of claims have accepted the Plan.

i.  Section 1129(a)(9).  The Plan provisions include the following:

   i.  Holders of Allowed Administrative Claims will be paid in full.

   ii.  Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

j.  Section 1129(a)(10).  At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

k.  Section 1129(a)(11).  The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor.

l.  Section 1129(a)(12).  All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

m.  Section 1129(a)(13).  This subsection does not apply to the Debtor.

n.  Section 1129(a)(14).  This subsection does not apply to the Debtor.

o. <u>Section 1129(a)(15)</u>. This subsection does not apply to the Debtor.

p. <u>Section 1129(a)(16)</u>. This subsection does not apply to the Debtor.

q. Pursuant to section 7.01 of the Plan, the Cure Payment as defined in the Plan will be $35,388.94, consisting of (a) payment of all past due pre-petition franchise fees in the amount of $11,630.12 plus payment of post-petition franchise fees of $10,758.82, plus (b) payment of attorney's fees and costs incurred by HHFI in the amount of $13,000 (collectively, the "Cure Payment"), for a total Cure Payment of $35,388.94, to be paid in six equal monthly installments beginning on the Effective Date and on the first day of each month thereafter. The Debtor shall continue to pay post-petition franchise fees of $2,780.00 a month. This amount is also included as part of the administrative claims in Class 1 of the Plan.

r. UCB's Allowed Secured Claim is in the amount of $3,289,000.00 and shall not be reduced by the insurance proceeds on hand or any future insurance proceeds received.

s. UCB expressly reserves all of its rights against Security National Insurance Company and further reserves its rights against the principals of Debtor relating to the use of any insurance proceeds and against the guarantors. Subsequent to Confirmation, UCB's rights to pursue its remedies against third parties are not affected by Confirmation.

Accordingly, it is therefore:

ORDERED that Dhillon Group, LLC's Plan is hereby CONFIRMED; it is further

ORDERED that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and the Debtor shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is close; it is further:

ORDERED that in the event the Debtor has a monetary default under the Plan to UCB, Property Tax Lending or Grayson County, UCB may send a notice of default and the Debtor shall have fifteen (15) days to fully cure such default. The Debtor shall only be entitled to a total of three (3) notices of default during the Plan Term. Following the third default, should the Debtor default again to UCB, Property Tax Lending or Grayson County, then UCB may proceed to exercise its applicable state law remedies and any loan default remedies without notice and without seeking a further order of this Court.  Such notice shall be deemed sufficient by faxing same to Debtor's counsel with a copy to the Debtor's principal at its address listed in the Petition; it is further

ORDERED that the Debtor has confirmed that it has put up in its attorney's IOLTA Trust Account the funds it agreed to put up as part of the Plan in the amount of $397,000.00 ($350,000.00 for repairs and $47,000.00 for a portion of 2012 property taxes) and further confirmed that Debtor's principal has secured the financing of the total labor costs from Pate Development Company.  Debtor's failure to expend such funds as are reasonably necessary in the renovation of the Hotel (including funds and/or labor and service from Pate Development Company) shall constitute an event of default under the Plan.  UCB shall be entitled to exercise its applicable state law remedies and loan default remedies without further notice and without seeking a further order of this Court; it is further

ORDERED that the Debtor shall immediately commence the proposed repairs on the hotel and shall timely complete such repairs necessary to reopen the Hotel in 90 days from the date of this Confirmation Order is entered by the Court and if the Debtor does not timely commence such repairs or fails to reopen the Hotel for use by the public within 90 days from the

date of the entry of this Order, then UCB shall be entitled to exercise its applicable state law remedies and loan default remedies without notice and without seeking a further order of this Court; it is further

ORDERED that in accordance with Section 1141(a) of the Bankruptcy Code and the provisions of the Plan, each provision of the Plan shall be and is binding on the Debtor, the Reorganized Debtor, all creditors of the Debtor, all parties-in-interest in the bankruptcy case, and all persons with an interest in any property of the Debtor or the Debtor's estate, whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not they had a right to vote on the Plan and whether or not they receive or retain anything under the Plan; it is further

ORDERED that the Debtor is authorized to execute any and all documents necessary to effect and consummate the Plan; it is further

ORDERED that failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

SIGNED:

Signed on 6/26/2012

*Brenda T. Rhoades*    SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE