UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILLON GROUP, LLC | § | CASE NO. 12-40163 |
| | § | CHAPTER 11 |
| Debtor | § | |

**MOTION OF LEE LASHER, SUCCESSOR-IN-INTEREST TO
LEE LASHER, INC. FOR NEW TRIAL, RECONSIDERATION OF
ORDER OF CONFIRMATION OR, ALTERNATIVELY
FOR MODIFICATION OF CHAPTER 11 PLAN OF REORGANIZATION**
[Relating to Docket No. 136]

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

Pursuant to 11 U.S.C. §1144, Rule 59 of the Federal Rules of Civil Procedure and Rule 9023 of the Rules of Bankruptcy Procedure, Lee Lasher, Successor in Interest to Lee Lasher, Inc. ("Movant") files this Motion For New Trial, Reconsideration of Order of Confirmation, or Alternatively, Motion For Modification of Chapter 11 Plan of Reorganization respecting this Court's Order entered on June 26, 2012 [Docket No. 136] confirming Debtor's First Amended Plan of Reorganization, and would respectfully show the Court the following:

**Introduction**

This motion is filed to enable the Court to correct manifest errors of law and fact occasioned by the fact that Movant's predecessor-in-interest, Lee Lasher, Inc., while known by the Debtor at all materials times to possess a secured claim against assets of Debtor's estate in the amount of $373,4312.90, was not given notice of this bankruptcy proceeding until after the Court had already conducted a hearing on Debtor's First Amended Disclosure Statement on April 30, 2012. On the

same day as the hearing on the First Amended Disclosure Statement, the Court entered its order approving the same [Docket No. 107]. Movant was not given notice of the order approving the disclosure statement, of the May 31, 2012 deadlines contained in the order to serve objections to confirmation or file ballots accepting or rejecting the Plan, or of the hearing on confirmation of Debtor's First Amended Plan of Reorganization on June 4, 2012. A true and correct copy of the Service List for the Order Approving First Amended Disclosure Statement from the Court's website is attached hereto as Exhibit "A". Neither Movant's name nor Movant's predecessor-in-interest's name appear thereon. On June 1, 2012 at 6:16 p.m., Debtor uploaded to the Court's website a "Supplemental" Schedule F [Docket No. 132] for the first time identifying Movant's predecessor-in-interest as a creditor in this proceeding, however incorrectly stating that Lee Lasher, Inc.'s claim was unsecured.

Therefore, Movant has been deprived of his fundamental rights of due process under the United State Constitution, and the notice required by the bankruptcy code and the Rules of Bankruptcy Procedure, which would have allowed Movant to appear in this proceeding to protect his interest as a creditor holding a claim secured by assets of the Estate.

**Background**

On or about August 8, 2011, Movant's predecessor-in-interest, Lee Lasher, Inc. entered into a contract for the performance of repair and renovation services at the Holiday Inn Express located at 2909 Michelle Drive, Sherman, Texas. SCN Renovation & Design, LLC entered into the contract on behalf of Owners and/or manager of the hotel. From August 8, 2011 until approximately October 10, 2011, Lee Lasher, Inc. performed substantial and valuable repairs and renovations to the hotel for a total value of $373,412.90. At all material times, Debtor's principal manager, Jagmohan Dhillon, was present in the hotel, dealt with Lee Lasher, Inc., and was fully aware that Lee Lasher, Inc. was performing valuable repair and renovation services.

When Lee Lasher, Inc.'s invoices for services were not being paid in a timely manner, Lee

Lasher, Inc. ceased performing repair and renovation and submitted a written demand for payment on October 10, 2011. When such written demand for payment was ignored, on November 28, 2011 Lee Lasher, Inc. filed an Affidavit Claiming Mechanic's and Materialman's Lien in the Official Records of Grayson County, Texas, a true and correct copy of which is attached hereto as Exhibit "B" and made a part hereof for all legal and necessary purposes. Notice of the filing of said Affidavit along with a copy of the same was served by certified mail, return receipt requested, on Debtor and on SCN Renovation & Design LLC on November 28, 2011. True and correct copies of the transmittal letter sent by certified mail and the return receipt cards signed by both Debtor and by SCN Renovation & Design LLC on November 29, 2011 are attached hereto as Exhibit "C".

There can be no question that the Debtor was well aware of the claims asserted by Movant prior to the petition date and at least five months before the entry of the Court's order approving the disclosure statement. Nevertheless, Debtor delayed listing Lee Lasher, Inc. as a creditor in this matter until less than three days prior to the confirmation hearing and at no time prior to the confirmation hearing provide Movant or Lee Lasher, Inc. with notice of the deadlines to object to confirmation or submit ballots.

Movant's claim should have been listed as secured and, as such, treated by the Plan as a Class 8 claim. However, as an unsecured claim, such claim even if allowed will be treated by the Plan as a Class 9 claim. In either event, both Class 8 claims and Class 9 claims are impaired under the Plan, and therefore, Movant should be allowed the opportunity to object to the Plan, vote its ballot, and to be present and participate in the confirmation hearing.

## Argument and Authorities

Pursuant to Federal Bankruptcy Rule 3017(a), Lee Lasher, Inc. was entitled to at least 28 days notice of the hearing to consider approval of Debtor's First Amended Disclosure Statement. This notice was not provided to Movant or to Lee Lasher, Inc.

Pursuant to Rule 3017(d), the debtor in possession is required, upon approval of the disclosure

statement, to mail to all creditors: 1) the plan or a court-approved summary of the plan; 2) the disclosure statement; 3) notice of the time within which acceptance and rejections of the plan may be filed; and 4) any other information as the court may direct. These items were not mailed to Movant or to Lee Lasher, Inc.

Additionally, notice of the time fixed for filing objections and the hearing on confirmation are required by Bankruptcy Rules 2002(b) and 3017(d) to be mailed to creditors at least 28 days prior to such deadlines and hearing. Debtor failed to mail these notices to Lee Lasher, Inc. as well, even though Debtor was fully aware of such claims for over five months prior to the hearing on the disclosure statement.

The Court's docket is devoid of any attempt to give Lee Lasher, Inc. the required notices of this proceeding or the critical deadlines or hearing at which Movant could have appeared to protect his interest. Even though Debtor was clearly aware of Lee Lasher, Inc.'s claims on June 1, 2012, apparently no attempt was made to inform the Court that it had not been provided with the necessary notices.

A court may grant a new trial under Federal Rule 59(a) and Bankruptcy Rule 9023 for any reason for which a rehearing has "heretofore" been granted in a suit in equity in federal court. A motion to alter or amend a judgment or order under Federal Rule 59(e) [and by application Bankruptcy Rule 9023] serves the purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence. *Waltman v International Paper Co*., 875 F.2d 468, 473 (5th Cir. 1989). A Rule 59 motion should be granted if there is a need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Rule 59(e), in essence, gives the trial court a chance to correct its own mistake if it believes one has been made. *Zinkand v Brown*, 478 F.3d 634, 637 (4th Cir. 2007). The court has some discretion to consider whether additional evidence should be considered or further argument held. *Id.*

For the reasons stated above, Movant submits that the Court should exercise its discretion and grant this motion in order to correct what appear to be clear and manifest errors of law and fact resulting in the entry of order which effectively denies Movant due process under the United States Constitution and which was issued only after Debtor knowingly failed to disclose to the Court that Lee Lasher, Inc. had not been provided the requisite notice required by 11 U.S.C. §1125 and the Federal Rules of Bankruptcy Procedure.

Date:   July 9, 2012.

Respectfully submitted,

HYNDS & GORDON, P.C.,
500 N. Sam Rayburn Frwy., Suite 200
SHERMAN, TEXAS 75090
903/892-1807
903/893-2015 (fax)


By: /s/ J. Don Gordon
      J. Don Gordon
      State Bar No. 08200200

Attorney for Lee Lasher

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing pleading has been sent by electronic or first class mail to A. J. Kung, attorney for Debtor, Kung & Brown, 214 S. Maryland Pkwy., Suite A, Las Vegas, NV 89101; Arthur I. Ungerman, attorney for Debtor, 8140 Walnut Hill Lane, Suite 301, Dallas, TX 75231; and all interested parties indicated on the attached mailing matrix on this 9th day of July, 2012.

/s/ J. Don Gordon
J. Don Gordon