**ARTHUR I. UNGERMAN**
**JOYCE W. LINDAUER**
**Attorneys at Law**
**8140 Walnut Hill Lane**
**Suite 301**
**Dallas, Texas 75231**
**(972) 239-9055 Telephone**
**(972) 239-9886 Facsimile**
**Attorneys for Debtor**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILLON GROUP, LLC, | § | CASE NO:  12-40163 |
| | § | |
| Debtor | § | CHAPTER 11 |

### RESPONSE TO MOTION OF LEE LASHER, SUCCESSOR-IN-INTEREST TO LEE LASHER, INC. FOR NEW TRIAL, RECONSIDERATION OF ORDER OF CONFIRMATION OR, ALTERNATIVELY FOR MODIFICATION OF CHAPTER 11 PLAN OF REORGANIZATION

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW Dhillon Group, LLC, Debtor in the above styled and numbered bankruptcy proceeding and files this its response to Lee Lasher, Successor-in-Interest to Lee Lasher, Inc.'s (the "Movant") Motion for New Trial, Reconsideration of Order of Confirmation or, Alternatively for Modification of Chapter 11 Plan of Reorganization (the "Motion") and would respectfully show the Court as follows:

1.      There are no facts that support the allegations of Movant in its Motion.

2.      Debtor never entered into a contract with Movant for the performance and renovation of services at the Holiday Inn Express located at 2909 Michelle Drive, Sherman, Texas (the "Hotel").  Debtor believes Movant was a subcontractor.

3.      Movant alleges a contract was entered into with SGN Renovation & Design, LLC ("SGN").  If such contract exists, it was not on behalf of the Debtor or a manager of the Hotel.

4.      Any repairs and renovations to the Hotel were performed for the benefit of SGN and at SGN's request.

5.      If a Mechanic's and Materialman's Lien was filed against the Debtor in a timely manner, it would have been subordinate to the first lien of United Central Bank.  If such claim is found to be valid against the Debtor or its property, it would be an unsecured claim against the Debtor and falls into Class 9 pursuant to the Debtor's Plan of Reorganization.

6.      Movant's claim was listed as an unsecured claim and disputed by an amendment to the schedules filed prior to confirmation.

7.      Debtor claims that Movant was never a creditor of this estate.  Debtor did file a supplemental Schedule F listing Movant as an unsecured claim that was disputed.  If this Court finds Movant is an unsecured creditor, Movant will be paid its dividend as a Class 9 creditor. Movant has not shown how it will be damaged.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court deny the Motion and relief requested and grant the Debtor such other and further relief to which it may show itself entitled.

Dated: July 18, 2012

> Respectfully Submitted,
> /s/ Arthur I. Ungerman
> Arthur I Ungerman
> State Bar No. 20391000
> Attorney at Law
> 8140 Walnut Hill Lane
> Suite 301
> Dallas, Texas 75231
> (972) 239-9055 Telephone
> (972) 239-9886 Facsimile

arthur@arthurungerman.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2012 a true and correct copy of the foregoing document was forwarded via electronic filing to those persons receiving electronic notice or First Class US Mail to the following:

J. Don Gordon
Hynds & Gordon, P.C.
500 N. Sam Rayburn Frwy.
Suite 200
Sherman, Texas 75090

/s/ Arthur I. Ungerman
Arthur I. Ungerman